## COMMERCIAL BANK OF NATCHEZ v. MARKHAM.

Decision in *Scott* v. *Duke, ante* p. 253, affirmed.

The stat. of 1 June, 1846, which declares : " That so much of articles 746 and 747 of the Code of Practice as authorizes a creditor having obtained a judgment in another State of the Union or in a foreign country, to proceed by executory process on said judgment, be, and the same is hereby, repealed," does not violate art. 119 of the constitution, which provides that, " no law shall be revised or amended by reference to its title ; but in such case the act revised, or section amended, shall be re-enacted and published at length." *Per Curiam :* Art. 119 does not include, by its terms, the repeal of laws, or portions of them, and can only be thus extended by an implication of doubtful propriety.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Stockton* and *Steele*, for the appellants. *Grymes* and *Prentiss* and *Finney*,

for the defendant and garnishee. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiffs have appealed from a decree of the Fourth District Court of New Orleans, quashing certain proceedings in garnishment. These proceedings were had by virtue of an order rendering certain judgments, obtained in the State of Mississippi, executory, under article 746 of the Code of Practice.

In the case of *Scott* v. *Duke, ante* p. 253, we held that the law authorizing executory process on judgments obtained in another State of the Union, or in a foreign country, was repealed by the act of 1846. The process was considered as a matter of remedy, and as such within the control of the legislature. [See also *Kilgore* v. *Planters Bank, ante* p. 693. R.] That case was determined on a full examination of the effect of the repeal upon causes pending, and we held that, after the repeal, there was no warrant for any further proceedings in executory process issued on judgments of that class. There was nothing decided in that case as to rights acquired by virtue of proceedings previous to the repeal, that matter not being before us. There is nothing in this case which distinguishes it from that of *Scott* v. *Duke.*

It has been contended in argument that, though the legislature may have intended to repeal parts of articles 746 and 747 of the Code of Practice by the law of 1846, yet the law itself does not meet the requisition of the 119th article of the constitution, and is consequently a nullity. That article provides, that no law shall be revised or amended by reference to its title; but, in such case, the act revised or section amended, shall be re-enacted and published at length. We cannot declare that an act repealing certain defined portions of an article of one of our Codes is in conflict with this article. By its terms it does not include the *repeal* of laws or portions of them, and can only be thus extended by an implication of doubtful propriety. This is not a case in which a court is permitted to exercise the power of declaring an act of the legislature to be unconstitutional. *Judgment affirmed.*