JAMES HENDERSON V. CITY OF GALVESTON ET AL.

No. 1911.   Decided December 9, 1908.

**1.—Constitutional Law—Statutes—Amendment by Reference to Title.**

An amendment of a statute which adds to an existing section of the Act a further provision, without reenacting and publishing at length the amended section, but referring to it by number and setting forth only the provision added thereto, is invalid as being prohibited by article 3, section 36 of the Constitution.   (P. 169.)

**2.—Same—Charter of Galveston.**

The amendment to the Charter of the City of Galveston (Act of 1907, Special Laws, 1907, p. 661) giving the city commissioners power to regulate and prescribe the location of places within the corporate limits where intoxicating liquors may be sold, is invalid by reason of its failure to reenact and publish at length section 34 of the Charter amended by such Act.   (P. 169.)

**3.—Same—Cases Distinguished.**

Snyder v. Compton, 87 Texas, 378; Quinlan v. Houston & T. C. R. Co., 89 Texas, 356; City of Oak Cliff v. State, 97 Texas, 383; Womack v. Gardner, 10 Texas Civ. App., 367; Chambers v. State, 25 Texas, 312; Hearn v. State, 25 Texas, 336; and similar rulings from other States, distinguished from this case.   (Pp. 169, 170.)

**4.—Intoxicating Liquors—Regulation by City—Delegating Legislative Power—Constitution.**

A statute giving to city authorities the power to determine at what places within the corporate limits intoxicating liquors may be sold, is not invalid as being such a delegation of legislative power or right to change the general laws of the State as is prohibited by article 1, section 28, of the Constitution, Ex Parte King, 52 Texas Crim. Rep., 383, followed.   (P. 171.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Galveston County.

*Jas. B. & Chas. J. Stubbs* and *D. D. McDonald,* for appellant.—
The amendment to the charter of the city of Galveston is invalid, because not in compliance with the requirement of sec. 36, art. 3, of the Constitution.   Act of April 15, 1907 (Special Laws, p. 661); Snyder v. Compton, 87 Texas, 378; City of Oak Cliff v. State, 97 Texas, 387; Womack v. Gardner, 10 Texas Civ. App., 367; Nichols v. State, 32 Texas Crim. Rep., 391; State v. Carter, 86 Pac., 139; Martinsville v. Frieze, 33 Ind., 509; 25 Am. & Eng. Enc. Law, 177; 26 Id., 709; Gunter v. Texas Land & Mortgage Co., 82 Texas, 501; State v. Common Council, 22 Atl., 731; Nobles v. State, 38 Texas Crim. Rep., 330; Quinlan v. Houston & T. C. Ry. Co., 89 Texas, 370; Tuskaloosa Bridge Co. v. Olmstead, 41 Ala., 1; Ex parte Pollard, 40 Ala., 77; Northern Counties Investment Trust v. Sears, 35 L. R. A., 188; Phoenix Ass. Co. v. Montgomery Fire Department, 42 L. R. A., 471; Lewis' Suth. Stat. Construction, secs. 230-231; Walker v. Caldwell, 4 La. Ann., 291; 44 Cen. Dig., cols. 2703-4-5-6-7; Copland v. Pirie (Wash.), 67 Pac., 227.

Said amendment or ordinance is invalid because violative of sec. 28, art. 1, of the Constitution.   Acts of 1907, p. 258; Penal Code, art. 112; Burton v. Dupree, 19 Texas Civ. App., 275; Arroyo v. State, 69 S. W., 503; Texas & P. Ry. Co. v. Mahaffey, 98 Texas, 395;

Jannin v. State, 51 S. W., 1126; Curtis v. Gulf, C. & S. F. Ry. Co.; 26 Texas Civ. App., 304; Ex parte Ogden, 43 Texas Crim. Rep., 531; San Antonio & A. P. Ry. Co. v. Lester, 99 Texas, 214.

The trial court was authorized to inquire into and determine the question of the reasonableness of the ordinance. Houston & T. C. Ry. Co. v. Dallas, 98 Texas, 396; 1 Smith Mun. Corp., sec. 525; 1 Dill. Mun. Corp., sec. 328; Ex parte Levine, 46 Texas Crim. Rep., 364; Ex parte King, 52 Texas Crim. Rep., 383; Cohen v. Rice, 101 S. W., 1052; Ex parte Battis, 40 Texas Crim. Rep., 112; Ex parte McCarver, 39 Texas Crim. Rep., 448; Ex parte Patterson, 42 Texas Crim. Rep., 256; Chimine v. Baker, 32 Texas Civ. App., 520; Coal Float v. City of Jeffersonville (Ind.), 13 N. E., 115; Champer v. Greencastle, 24 L. R. A., 771; Pittsburgh, C. C. & St. L. Ry. Co. v. Crown Point (Ind.), 35 L. R. A., 685; Hawes v. Chicago, 158 Ill., 653; 21 A. & E. En., 989; State v. Trenton (N. J.), 11 L. R. A., 410.

The allegations of plaintiff's petition are sufficient to raise the question of the reasonableness of said ordinance. Austin v. Cemetery Assn., 87 Texas, 331; Moore v. Danville (Ill.), 83 N. E., 845; Ex parte Patterson, 42 Texas Crim. Rep., 256; Ex parte Battis, 40 Texas Crim. Rep., 112; Ex parte Vance, 42 Texas Crim. Rep., 619; Rowland v. Greencastle (Ind.), 58 N. E., 1031; Mernaugh v. Orlando (Fla.), 27 So., 34; 17 A. & E. En. of Law, 288; 28 Cyc., 368, 370, 765; Bennett v. Pulaski (Tenn.), 47 L. R. A., 278; Ward v. Greeneville, 8 Baxt., 228; Hawes v. Chicago, 158 Ill., 653, 30 L. R. A., 225; Ex parte Smith, 51 Texas Crim. Rep., 395; Brenham v. Brenham Water Co., 67 Texas, 553; Williamson v. Davidson, 43 Texas, 83; Ex parte Heidelberg, 51 Texas Crim. Rep., 581; Kirkham v. Russell, 76 Va., 956; Ex parte Fagg, 38 Texas Crim. Rep., 573; Lynn v. State, 33 Texas Crim. Rep., 153; 28 Cyc., 368-9, 370, 389, 751, 762; 21 A. & E. En. of Law, 985-6, 989, 995; 17 A. & E. En. of Law, 288, 289; Smith, Mun. Corp., secs. 95-6.

*M. E. Kleberg,* City Attorney, for appellee.—In reply to appellant's contention that the Act of the Legislature by which the city commission is authorized to prescribe the location of saloons in the city of Galveston is invalid, because contrary to section 36, article 3, of the Constitution, we submit the following: City of Oak Cliff v. State, 97 Texas, 383; Snyder v. Compton, 87 Texas, 378; Womack v. Gardner, 10 Texas Civ. App., 367; Quinlan v. Houston & T. C. R. R. Co., 89 Texas, 356.

The Legislature of this State is authorized to empower city councils, by special charter or by amendment thereto, to prescribe the boundaries and limits within which the sale of liquors shall be provided by law, and such local authorities may define and limit the area within which alone such sale may be lawful. Ex parte King, 52 Texas Crim. Rep., 383.

The fixing of saloon limits is a mere regulation of the liquor traffic, and not in any sense a prohibition thereof, and section 20, article 16, of the Constitution and the laws passed in pursuance thereof with respect to local option are not applicable. Ex parte King, 52 Texas

Crim. Rep., 383; Ex parte Levine, 46 Texas Crim. Rep., 364; Garonzik v. State, 50 Texas Crim. Rep., 533; Paul v. State, 106 S. W., 448.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Certified questions from the Court of Civil Appeals, for the First District as follows:

"This case is pending before us on appeal. James Henderson having obtained a license under the State law as a retail malt dealer in the city of Galveston, on July 8, 1908, applied to the city authorities of said city for a license, which they refused, as the board of commissioners had passed an ordinance prohibiting the keeping for sale of malt and other liquors in the part of the city in which plaintiff's saloon was situated.

"On July 10, 1908, the plaintiff Henderson brought this suit in the District Court of Galveston County against the city, its mayor and tax collector, the defendants, for a mandamus to require the city collector to issue him a license as a malt liquor dealer as authorized by his State and county license, and for an injunction to restrain the city authorities from interfering with him in carrying on said business at the place designated in his application. The defendants set up in answer to plaintiff's demand that under an ordinance designating places at which liquor could be sold in said city, the plaintiff was prohibited from carrying on the business as liquor dealer at the place designated in his application.

"The legislative Act under which the ordinance was passed was challenged as unconstitutional by the third paragraph of plaintiff's original petition, which is as follows:

"'And plaintiff further alleges that said ordinance and said Act of the Legislature are invalid and illegal, because the latter purports to be an amendment of section 34 of an Act entitled an Act to amend an Act to incorporate the city of Galveston and to grant it a new charter and to repeal all pre-existing charters, approved April 18, 1901, and to repeal all laws in conflict therewith, approved March 30, 1903, by adding thereto the following: 'The Board of Commissioners of the city of Galveston are hereby authorized to license, tax, regulate and prescribe the location of all places within the corporate limits of the city of Galveston wherein spirituous, vinous, malt or medicated liquors or medicated bitters capable of producing intoxication are kept for sale.' Section 34 of said Act or charter contains various subdivisions and in the purported amendment the same was not re-enacted as required by section 36 of article 3 of the Constitution, which provides that 'No law shall be revived or amended by reference to its title, but in such case the Act revived or the section or sections amended shall be re-enacted and published at length.' And plaintiff alleges that said law was sought to be amended by reference to its title, and the section amended was not re-enacted nor published at length, wherefore the said proposed amendment is null and void and any ordinance founded upon it necessarily fails.'

"The eighth paragraph of the petition contains the following allegations:

" '8. The said ordinance and amendment of the charter purporting to authorize it are illegal and void, because the Legislature can not lawfully delegate its authority in a municipal charter to set aside, vacate or suspend or repeal the general laws of the State, and the effect of said ordinance is to repeal or suspend the laws of the State of Texas with relation to the licensing of retail liquor and malt dealers *to engage in business in certain territory where local option* is not in force, and especially does it seek to repeal or suspend and render nugatory the Act of the Legislature of the State of Texas, approved April 18, 1907, being chapter 138 of the general laws passed at the regular session of the Legislature in that year and generally known as the Baskin-McGregor law.'

"By his original and supplemental petitions plaintiff in the following language attacked the ordinance as an unreasonable and oppressive exercise of the power attempted to be conferred by the legislative Act above set out, viz.:

" '4. That said ordinance is unreasonable and illegal and therefore void, because it prohibits the keeping for sale of vinous, spirituous and malt liquors or medicated bitters capable of producing intoxication, at any place or places within the limits of the city of Galveston, except within the territory prescribed by section 1 of said ordinance and thereby undertakes to apply and enforce prohibition in the greater portion of the city of Galveston considered both with reference to area and population and in prescribing where such places shall be located, the said ordinance is unreasonable and oppressive and works a discrimination in favor of certain places, localities, blocks, and parts of blocks and outlots in said city and allows the sale or keeping for sale of such liquors or bitters upon certain lots, blocks and outlots and upon parts of certain lots, blocks and outlots, while prohibiting it elsewhere in said city, there being no just, fair or reasonable ground for such discrimination, and in this connection plaintiff will offer for inspection a map of the city of Galveston with lines thereon showing the limits sought to be established by the ordinance, and that the prohibited district constitutes by far the greater part of the settled section of said city, both with reference to territory and population.

" '7. Said ordinance is unreasonable and is also unauthorized by the amendment to the charter, hereinbefore set forth, in that the latter undertakes to authorize the Board of Commissioners to prescribe locations where said liquors or bitters are kept for sale within the corporate limits of the city of Galveston and it is not a reasonable or legitimate exercise of such power to prohibit such location and such selling or keeping for sale in the greater part of the city, considered territorially or with reference to population. The right to prescribe a location must be reasonably exercised and not converted into a denial of a location in a great or the greater part of the city.'

" '3. And plaintiff avers that said ordinance is unreasonable, oppressive and discriminatory and therefore invalid, because:

" ' (a) It prohibits keeping for sale of malt and other liquors in about 700 blocks of the inhabited area of the city and permits it in

about 140 blocks. It makes it unlawful for at least four-fifths of the inhabitants of the city, being those who live in the excluded district, to keep such beverages for sale, and, therefore, necessarily precludes them from purchasing them in such district. The territory west of 45th Street, in which, as appears from said ordinance, such keeping for sale is not prohibited, is outside of the settled part of the city and sparsely inhabited.

" '(b) Instead of being a fair exercise of the right sought to be conferred by the Act of the Legislature, namely, the right to prescribe locations, the ordinance unreasonably prohibits such locations within nearly the whole city and subjects at least four-fifths of its residents and especially those at a distance from the open district to inconvenience and loss resulting from the closing of such places of business and from the right of dealing therewith, used and enjoyed for many years by the neighbors. The line mainly traverses alleys and cuts into many business blocks, which are also recognized as such by the State law, the ordinance allowing the keeping for sale of beer and other liquors in half the block and denying it in the other half without any just reason for such arbitrary discrimination.

" '4. It discriminates between individuals and others in many cases, among which may be mentioned the fact that the line which is extended from 29th Street through the alleys between Avenues E and F takes a turn to the south so as to include the south half of block 443 and the saloon thereon owned or controlled by the Tremont Hotel Company, while other saloons in the half blocks south and southwest are required to close; one of these latter has been in business for thirty years or more. In another case at 13th Street and Avenue A, a block or half block is so divided as to leave in the open district only 43 feet which is now used and occupied by a saloon, excluding the rest of the block. And many other discriminations will be shown to the court upon the hearing of this cause. Also one or more saloons at or near the south terminus of 53d Street, a place of public resort, will be closed under said ordinance.'

"The ordinance in question is as follows:

" 'An ordinance to prescribe the location of all places within the corporate limits of the city of Galveston wherein vinous, spirituous, malt liquors or medicated bitters capable of producing intoxication may be kept for sale.

" 'Be it ordained by the Board of Commissioners of the city of Galveston as follows:

" 'Section 1. That hereafter any and every place within the corporate limits of the city of Galveston wherein vinous, spirituous, malt liquors or medicated bitters capable of producing intoxication are kept for sale shall be located within °the following described territory °or upon the following lots or blocks in said city, to wit:

" 'All that territory west of a line beginning at Avenue U and 45th Street; thence north along said 45th Street to the alley line between Avenues F and G on said 45th Street; also all that territory north and west of the following boundary line: Beginning at the intersection of 45th Street and the alley line between Avenues F and G; thence east along said alley line, or where said alley line would

be if opened east and west to 29th Street; thence north on said 29th Street to the alley line between Avenues E and F; thence east along said alley line to 24th Street; thence south along said 24th Street to the center line of Avenue F; thence east on the center line of said Avenue F to 23d Street; thence north on said 23d Street to the alley line between Avenues E and F; thence east along said alley line to the west side of 21st Street; thence north on said 21st Street to Avenue E; thence east on said Avenue E and down the center line of said Avenue E to the west side of 19th Street; thence north on said west line of said 19th Street to the north line of Avenue B; thence on said north line of said Avenue B to the center line of 16th Street; thence north on said center line of said 16th Street to the north side of Avenue A, to a point 43 feet east of the east line of 13th Street; thence north on said line to the channel of Galveston Bay; also the southeast quarter of outlot 8 and the east half of outlot 108, as said outlots are known and designated on the maps or plans of the city of Galveston, and also that certain territory described by metes and bounds as follows: Beginning at the intersection of 28th Street and the Boulevard; thence northwardly along said 28th Street to the intersection of said street with Avenue Q; thence eastwardly along said Avenue Q to 27th Street; thence north along said 27th Street to the alley between Avenues P½ and Q; thence eastwardly along said alley to 21st Street; thence south along said 21st Street to the County Boulevard; thence westwardly along the north line of the County Boulevard to the place of beginning, and also the bath houses known as 'Murdock's' and 'The Breakers.'

" 'Section 2. That at no other place or places within the limits of said city of Galveston, except as named in the foregoing section, shall vinous, spirituous, malt liquors or medicated bitters capable of producing intoxication be kept for sale.

" 'Section 3. That any violation of the provisions of this ordinance shall be punished by a fine of not less than fifty nor more than two hundred dollars and each day that such violation shall continue shall constitute a separate offense.

" 'Section 4. This ordinance shall take effect and be in force from and after the 1st day of August, A. D. 1908, and after publication thereof as required by the charter of the city of Galveston.'

"Upon the foregoing statement we deem it proper to certify to you the following questions:

"1. Is the amendment to the charter of the city of Galveston, above set out, invalid because not in compliance with the requirements of sec. 36, art. 3, of the Constitution?

"2. Is said amendment or ordinance invalid because violative of sec. 28, art. 1, of the Constitution?

"3. Was the trial court authorized to inquire into and determine the question of the reasonableness of the ordinance?

"4. If the last question is answered in the affirmative, then are the allegations of plaintiff's petition before set out sufficient to raise the question of the reasonableness of said ordinance?'"

The Act of the Legislature which is attacked is as follows, omitting the emergency clause:

"An Act to amend the charter of the city of Galveston and to authorize the Board of Commissioners of the city of Galveston to license, tax, regulate and prescribe the location of all places within the corporate limits of the city of Galveston wherein intoxicating liquors are kept for sale.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. That section 34 of an Act entitled 'An Act to amend an Act to incorporate the city of Galveston, and to grant it a new charter, and to repeal all pre-existing charters, approved April 18, 1901, and to repeal all laws in conflict herewith,' approved March 30, 1903, be amended by adding thereto the following: The Board of Commissioners of the city of Galveston are hereby authorized to license, tax, regulate and prescribe the location of all places within the corporate limits of the city of Galveston wherein spirituous, vinous, malt liquors or medicated bitters capable of producing intoxication are kept for sale."

By referring to the charter it will be seen that section 34, the one amended, is not re-enacted in the amendatory act, the amendment being accomplished by the addition of a distinct provision conferring additional powers upon the Board of Commissioners. Section 36 of article 3 of the Constitution provides: "No law shall be revived or amended by reference to its title; but in such case the act revived or the section or sections amended shall be re-enacted and published at length." In its language and structure the statute plainly violates this provision. By its very terms it undertakes to amend section 34 of the charter, and that section as amended is not re-enacted and, of course, can not be published at length in the new statute. Nor is there anything in the nature of the provision to take it out of the operation of the Constitution. It is not only named an amendment, but it is such in its character. It adds a provision to the existing section, and this, according to all authority, judicial or parliamentary, of which we know anything, is an amendment.

It is urged that it is not within the mischief against which the constitutional provision is aimed, and to sustain this contention this statement in Snyder v. Compton, 87 Texas, 378, is quoted: "The practice which it was the purpose of the provision in question to prohibit was that of amending a statute by referring to its title, and by providing that it should be amended by adding to or striking out certain words, or by omitting certain language and inserting in lieu thereof certain other words. It was not intended to prohibit the passage of a law which declared fully its provisions without direct reference to any other act, although its effect should be to enlarge or restrict the operation of some other statutes. Similar provisions in other Constitutions have been construed not to apply to implied amendments." The very language which thus took the statute there under discussion out of the scope of the Constitution brings this within it. That was an independent statute, complete within itself, not adopted as an amendment of, and, adding nothing to and taking nothing from, the language of any other. That form

of legislation does not fall within the purview of the constitutional provision, as has been held by every court that has considered the question, because that provision applies only to attempts to amend or revive. But when the Legislature, in enacting new legislation, adopts the mode of amending existing laws, the Constitution speaks and prescribes a rule that must be followed. That was the mode expressly adopted here and the amendment was attempted by "adding to" the existing section.

Quinlan v. Houston & Texas Central Railroad Co., 89 Texas, 356, only held that the statute there in question was what is known as a "reference statute" which extended the benefits of the previous law, without in any way revising or amending its provisions to another person besides the original beneficiaries.

City of Oak Cliff v. The State, 97 Texas, 383, and, perhaps, Womack v. Gardner, 10 Texas Civ. App., 367, hold that entirely new sections may be added to an existing law without re-enacting the entire law. Other cases so holding are Swartwout v. Michigan A. L. E. R. Co., 24 Mich., 389; Edwards v. Denver & R. G. Ry. Co., 21 Pac., 1011; People v. Wands, 23 Mich., 385; Tuskaloosa Bridge Co. v. Olmstead, 41 Ala., 18. Nobles v. The State, 38 Texas Crim. Rep., 330, holds that where an article of the Revised Statutes consists of numbered subdivisions, each one dealing with a judicial district, such subdivisions are sections in the sense of the Constitution and one of them may be amended as a section by re-enacting it without setting out the whole of the article. Under this view the section there amended was "re-enacted and published at length" so as to comply with the Constitution.

But no authority cited and none that we know of has held that a section of a statute may be amended by adding words to it, without re-enacting the entire section as amended, and such a holding would be condemned by the plain words of the Constitution.

It is held in some cases that new acts may be passed merely as supplements to existing laws, where they are not in the shape of amendments. Bradley & Currier Co. v. Loving, 23 Atl., 685; Sheridan v. Salem, 12 Pac., 926. There are likewise cases in which it is held that sections or parts of sections may be *repealed* without re-enacting the part unrepealed. Chambers v. The State, 25 Texas, 312; Hearn v. The State, 25 Texas, 336; Commercial Bank of Natchez v. Markham, 3 La. Ann., 698. But these are based upon a distinction supposed to exist between an amendment and a repeal and upon the view that the constitutional provision has no application to a repeal of even a part of a section. Neither in their terms nor in the reason on which they are founded do they control the case of a clear amendment to a section. The following authorities clearly sustain the opinion we have expressed and some of them, perhaps, go even further than we should feel inclined to follow. Town of Martinsville v. Frieze, 33 Ind., 508; State v. Common Council, 22 Atl., 731; Walker v. Caldwell, 4 La. Ann., 297; Tuskaloosa Bridge Co. v. Olmstead, 41 Ala., 1-19.

It may be true that this act was and is as susceptible of as easy an understanding in connection with that of which it is an amend-

ment, by the Legislature in its passage, by the courts and by the public, as if the original section, with the new provision included, had been re-enacted and published at large. As much perhaps might be said in favor of many statutes which do not conform to the Constitution. It may even be doubted if the good accomplished by the constitutional provision compensates for the inconvenience it causes. But it must be remembered not only that the provision is intended to prevent the mischiefs against which it is directed, but that it seeks to accomplish this by a comprehensive and unbending rule, striking down all statutes which do not conform to it. From that rule the Constitution makes no exceptions, and neither the Legislature nor the courts have the right to make them.

The first question is answered in the affirmative.

This may be sufficient to enable the Court of Civil Appeals to dispose of the case, but we can not know from the certificate that this is true and we think it proper to answer the second question, which is answered in the negative. All of the contentions advanced by appellant under art. 1, sec. 28, of the Constitution, are decided correctly in Ex parte King, 52 Texas Crim. Rep., 383, and in others therein referred to. Discussion of the question is unnecessary.

The third and fourth questions as to the reasonableness of the ordinance are founded on the assumption that the amendment to the charter first discussed is valid. As we hold that it is invalid, the question as to the reasonableness of an ordinance depending on it can not arise. The questions go no further.