H. Rosenthal v. The State.

No. 8449.   Decided April 30, 1924.

Rehearing denied June 4, 1924.

</div>

1.—Manufacturing Intoxicating Liquor—Suspended Sentence—Age of Defendant.

Where appellant was forty-nine years of age, there was no error in the court's refusal to submit to the jury the law of suspended sentence, in a

trial of manufacturing intoxicating liquor.   Following:   Davis v. State, 246 S. W. Rep., 395.

### 2.—Same—Validity of the Statute.

In support of the appellant's renewed complaint that this court erred in holding that the law denying the benefit of suspended sentence to one over twenty-five years of age convicted of violating the liquor law was constitutional, he cited Henderson v. The City of Galveston, 114 S. W. Rep., 108, held that said authority is not applicable to the instant case, and the motion for rehearing is overruled.

Appeal from the District Court of Milam.   Tried below before the Honorable John Watson.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Chambers, Wallace & Gillis,* for appellant.—Cited cases in opinion.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.—Cited cases in opinion.

MORROW, Presiding Judge.—The offense is the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Possessed of a search warrant, officers searched the home of the appellant.   Several gallons of whisky and also apparatus for making intoxicating liquors were found so circumstantiated as to support his conviction.

Appellant was forty-nine years of age, and the court did not err in refusing to submit to the jury the issue of the suspended sentence. An interesting presentation of the validity of the legislation limiting the privilege of the jury to suspend the sentence to persons not over twenty-five years of age is found in the argument and brief of counsel. However, we are constrained to adhere to the conclusion favoring the validity of that law expressed in Davis v. State, 93 Texas Crim. Rep., 193; 246 S. W. Rep., 395.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### June 4, 1924.

LATTIMORE, Judge.—In support of his renewed complaint that we erred in holding that the law denying the benefit of suspended sentence to one over twenty-five years of age convicted of violating the liquor law was constitutional, appellant cites Henderson v. City of Galveston, 114 S. W. Rep., 108.   We have examined said authority

closely and also the authorities cited by it and deem none of them to have application. Said authorities are upon the proposition that a law cannot be amended by reference to its title but that the amendatory Act must set out substantially the law as amended. Nothing of this kind appears in Chapter 61, Acts First and Second Called Session of the 37th Legislature, in which was contained the law denying to persons convicted of violations of the liquor law who were over twenty-five years of age, the benefit of suspended sentence.

Believing that the matter was correctly decided in the original opinion, the motion for rehearing will be overruled.

*Overruled.*