THOMPSON et al. v. UNITED GAS CORPORATION.

No. 9520.

Court of Civil Appeals of Texas. Austin.

Oct. 31, 1945.

Rehearing Denied Nov. 21, 1945.

Grover Sellers, Atty. Gen., and W. V. Geppert, and J. Arthur Sandlin, Asst. Attys. Gen., for appellants.

Vinson, Elkins, Weems & Francis and Thomas Fletcher, all of Houston, for appellee.

BLAIR, Justice.

Suit to recover the amount of the gross receipts taxes demanded under Art. 6060, R.S.1925, and paid under protest by appellee, United Gas Corporation. It was alleged and the trial court held that as concerned appellee, a gas utility pipe line distributing company, Art. 6060 was repealed by Sec. 10 of House Bill 547, Acts 42d Leg. (1931), p. 111, Vernon's Ann.Civ. St. art. 6060 note, and recovery of the taxes so paid, aggregating $46,167.55, was allowed.

Appellants contend that the 1931 Act was unconstitutional because it attempted to amend Art. 6060 by reference to its title, in violation of Sec. 36 of Art. 3 of the Texas Constitution, Vernon's Ann.St.; and further, that if the 1931 Act were valid, appellee was nevertheless liable for the taxes under Art. 6060 as amended, being

a gas pipe line as defined in Sec. 2 of Art. 6050, R.S. 1925.

Neither of the foregoing contentions is tenable.

In 1920 the 36th Legislature, Acts 3d C. S., p. 18, passed House Bill No. 11, referred to as the Natural Gas Utility Act, which Act was later codified as Arts. 6050 to 6066, both inclusive, R.S.1925. As so codified Art. 6060, in part, reads as follows: "Every gas utility subject to the provisions of this subdivision * * * quarterly * * * shall file with the Commission a statement, duly verified * * * showing the gross receipts of such utility for the quarter next preceding * * * and at such time shall pay into the State Treasury at Austin a sum equal to one-fourth of one per cent of the gross income received from all business done by it within this State during said quarter."

As so codified Art. 6066 provided in substance that such taxes were to be used by the Commission to defray the expense of carrying out the regulatory provisions of the Natural Gas Utility Act.

In 1931 the 42d Legislature passed House Bill No. 547, Chap. 73, p. 111, which levied "taxes against natural gas and cigarettes"; the portion of the caption here material reads as follows: "Repealing certain portions of Article 6060 of the Revised Statutes of 1925."

And Section 10 of said 1931 Act reads as follows: "That Article 6060 of the Revised Civil Statutes of 1925, except insofar as it imposes a license fee or tax of one-fourth of one per cent against persons owning, operating, or managing pipe lines, as provided in Section 2 of Article 6050, is hereby repealed and said fund shall be used for enforcing the provisions of Articles 6050 to 6066, inclusive."

The repealing Act became effective in July 1931, and on October 3, 1931, the Railroad Commission sent a letter to gas utilities engaged in distributing gas, advising them that they were relieved from the payment of the taxes imposed by Art. 6060, R.S.1925, from and after the effective date of House Bill No. 547. In accordance with this ruling the Commission did not demand nor collect from appellee the taxes formerly imposed by Art. 6060, R.S. 1925, until June 1943. An opinion by the Attorney General's Department in June 1942 agreed to or conformed to the foregoing interpretation of House Bill No. 547 as repealing portions of Art. 6060, holding that the taxes were after the enactment of House Bill No. 547 imposed only upon gas utilities owning, operating, or managing pipe lines engaged in transporting or carrying natural gas as defined in Sec. 2 of Art. 6050 of the Natural Gas Utility Act, which defined and classified "gas utility", "public utility", or "utility" as being persons, companies or corporations doing "either one or more of the following kinds of business:

"1. Producing or obtaining, transporting, conveying, distributing or delivering natural gas: (a) for public use or service for compensation; (b) for sale to municipalities or persons or companies, in those cases referred to in paragraph 3 hereof, engaged in distributing or selling natural gas to the public; (c) for sale or delivery of natural gas to any person or firm or corporation operating under franchise or a contract with any municipality or other legal subdivision of this State; or, (d) for sale or delivery of natural gas to the public for domestic or other use.

"2. Owning or operating or managing a pipe line for the transportation or carriage of natural gas, whether for public hire or not, if any part of the right of way for said line has been acquired, or may hereafter be acquired by the exercise of the right of eminent domain; or if said line or any part thereof is laid upon, over or under any public road or highway of this State, or street or alley of any municipality, or the right of way of any railroad or other public utility; including also any natural gas utility authorized by law to exercise the right of eminent domain.

"3. Producing or purchasing natural gas and transporting or causing the same to be transported by pipe lines to or near the limits of any municipality in which said gas is received and distributed or sold to the public by another public utility or by said municipality, in all cases where such business is in fact the only or practically exclusive agency of supply of natural gas to such utility or municipality, is hereby declared to be virtually monopoly and a business and calling affected with a public interest, and the said business and property employed therein within this State shall be subject to the provisions of this law and to the jurisdiction and regulation of the Commission as a gas utility."

Sec. 36 of Art. 3 of the Texas Constitution provides that: "No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length."

On April 27, 1943, the Attorney General's Department ruled that Sec. 10 of House Bill 547 in fact amended Art. 6060, R.S.1925, by reference to its title in violation of the foregoing provision of Sec. 36 of Art. 3 of the Texas Constitution. Acting under this opinion the Commission, on July 6, 1943, demanded of appellee the taxes for the twelve-year period preceding the demand, which appellee paid under protest, and instituted this statutory suit to recover the taxes so paid.

 We are of the view that by the enactment of House Bill No. 547, Acts 1931, the Legislature clearly intended to and did repeal certain portions of Art. 6060; and that since the Act is one of repeal it does not violate Sec. 36 of Art. 3 of the Constitution, because it merely inhibits the revival or amendment of a law by reference to its title. Nor does the repealing act violate the constitutional provision requiring that an act of revival or amendment of a law shall re-enact and publish at length the portion or section revived or amended. The decisions so construing Sec. 36 of Art. 3 of the Constitution are reviewed at length by the authority 39 Tex.Jur. 126, wherein the rules of construction or interpretation so established are stated as follows: "The constitutional requirement in question applies to a statute that comes within its terms, that is, to one which attempts to revive or amend a former act 'by reference to its title.' It does not apply to a statute that repeals an existing act or a definite portion or section thereof, nor to a statute that leaves intact the terms of the original act and merely adds a section or sections thereto, or extends, restricts or postpones its operation."

 Among the cases cited as supporting the foregoing text are Chambers v. State, 25 Tex. 307; Snyder v. Compton, 87 Tex. 374, 28 S.W. 1061; Henderson v. City of Galveston, 102 Tex. 163, 114 S.W. 108; and State Bank of Barksdale v. Cloudt, Tex.Civ.App., 258 S.W. 248. These and other cases establish the further rule that since there is no constitutional inhibition against the repeal of a statute or a part thereof by reference to its title, the Legislature may exercise its power of repeal in any manner or form which clearly expresses its will or intention in that regard. Jessee v. De Shong, Tex.Civ.App., 105 S.W. 1011; and Berry v. State, 69 Tex. Cr.R. 602, 156 S.W. 626. In view of the foregoing established rules we hold that by the enactment of House Bill 547 the Legislature, by plain and appropriate language, intended to and did repeal the portion of Art. 6060 imposing the license fee or tax upon "every gas utility" subject to the regulatory statutes, and specifically and expressly thereafter imposed the license fee or tax upon only gas pipe lines as defined in the repealing Act itself and by Section 2 of Art. 6050, referred to in the repealing act for a further description of the character of the gas pipe line utility upon which the Legislature intended to thereafter impose the fee or tax.

 Appellants contend, however, that although the 1931 Act specifically stated that its purpose was to repeal certain portions of Art. 6060, it was in fact an amendment of said statute within the meaning of the constitutional provision requiring the unrepealed portion of the statute to be re-enacted and published at length. This contention is predicated upon a construction of the 1931 Act as being in fact an attempt to amend Art. 6060. Cited in support of their construction of the 1931 Act as being in fact an amendment of Art. 6060 are, among others, the cases of Snyder v. Compton, supra; Henderson v. City of Galveston, supra; Caples v. Cole, 129 Tex. 370, 102 S.W.2d 173, 104 S.W.2d 3; State Highway Dept. v. Gorham, 139 Tex. 361, 162 S.W.2d 934; Quinlan v. Houston & T. C. R. Co., 89 Tex. 356, 34 S.W. 738. These contentions are not tenable.

In the first place the 1931 Act in question expressly states in its caption that the Legislature is "repealing certain portions of Article 6060," and the repealing clause (Sec. 10) specifically states that the Legislature is repealing Art. 6060, "except insofar as it imposes a license fee or tax of one-fourth of one per cent against persons owning, operating, or managing pipe lines, as provided in Section 2 of Article 6050." By its very terms the Act undertakes to repeal certain portions of Art. 6060. The Act is an express repeal, which abrogated or annulled Art. 6060, except as specifically pointed out. It is named by the Legislature as a repealing act. Great emphasis

was placed in the Galveston case, supra, upon the fact that the Act therein involved expressly stated that it was an amendment. A like rule is more applicable to an act repealing a former statute, because such repealing act is not circumscribed by the foregoing constitutional inhibitions relating to the form of a reviving or amending statute.

The word "'repeal' as used in speaking of the repeal of a statute, is, as its etymology imports, the repealing or revoking of the statute" or a part thereof. 59 C.J. 899. Simply stated, a repeal is the "abrogation or annulling of a previously existing law by the enactment of a subsequent statute, which either declares that the former law shall be revoked and abrogated," or which contains provisions so contrary to or irreconcilable with those of the earlier law that only one of the two can stand in force. City of St. Louis v. Kellman, 235 Mo. 687, 139 S.W. 443, 445. Or, as was said in Lincoln School Tp. v. American School Furniture Co., 31 Ind. App. 405, 68 N.E. 301, 303, an "express or direct repeal is where the repealed act is specifically designated in the repealing act." Prior to the 1931 Act in question the statute imposed the tax upon "every gas utility." The 1931 Act expressly repealed the statute except in so far as it imposed the tax upon gas pipe lines as defined in the repealing act and by reference to Sec. 2 of Art. 6050 for a further and better description of the character or kind of gas pipe line utility only upon which the Legislature intended to thereafter impose the license fee or tax.

In the case of Meek v. Wheeler County, 135 Tex. 454, 144 S.W.2d 885, the Supreme Court adopted the opinion of the Court of Civil Appeals (125 S. W.2d 331, 333), which quoted the well-established rule that "when the legislative intent is once determined it is the law," and applying the rule held: "We must necessarily reach the conclusion that the Legislature intended to repeal the 1931 Act known as Chapter 174. The first evidence of such intention is. the fact that such law was specifically listed in the caption of Senate Bill No. 209 as one of the laws which was to be repealed therein." See also City of Beaumont Independent School Dist. v. Broadus, Tex.Civ.App., 182 S.W.2d 406; Praetorians v. State, Tex. Civ.App., 184 S.W.2d 299, affirmed Tex. Sup., 186 S.W.2d 973. The caption to the 1931 Act in question specifically stated that it was "repealing certain portions of Article 6060," which was sufficient to put any one interested upon inquiry as to the nature and extent of the repealing Act.

In the second place, we think the 1931 Act in question comes clearly within the rule that "it is within the power of the legislature to repeal a definite portion of a section or article in an act, without the re-enactment of the section or article, omitting the part repealed." Chambers case, supra, quoting the rule from Commercial Bank of Natchez v. Markham, 3 La.Ann. 698. Such a rule must be applied in order to give full force and effect to the further established rule that since there is no constitutional inhibition against the repeal of a statute or a part thereof by reference to its title, the Legislature may exercise its power of repeal in any manner or form which clearly expresses or evidences its will or intention in that regard. See also the Snyder and Quinlan cases, supra; Fielder v. State, 40 Tex.Cr. R. 184, 49 S.W. 376; and the State Bank of Barksdale and Meek cases, supra.

Prior to the passage of the 1931 Act, Art. 6060 clearly provided that "every gas utility" subject to the provisions of the Natural Gas Regulatory Act should pay the license fee or tax imposed. The 1931 Act expressly repealed Art. 6060, except that it continued to impose the tax against the gas pipe line as defined in Section 2 of Art. 6050, by which Article the Legislature had theretofore defined and described every character of gas utility and had classified them in Sections 1, 2 and 3 of Art. 6050. Section 10 of the 1931 Act states that Art. 6060 is repealed, but expressly leaves intact the terms of Art. 6060 imposing the tax upon pipe lines described in Section 2 of Art. 6050, being the only one of "every gas utility" upon which the original statute imposed the tax. Thus the 1931 Act comes clearly within the foregoing rule that the Legislature may repeal a definite portion of a section or article of an act without the re-enactment of the section or article omitting the part repealed. By appropriate language the 1931 Act clearly repeals the provisions of Art. 6060 imposing the tax upon "every utility, except" upon one character of utilities— pipe line utilities, which the Legislature described by reference to Section 2 of Article 6050. Thus by plain and unambiguous language the repealing act instructed the

tax gatherer to no longer demand the tax of "every gas utility," but of only one character of gas pipe line utility, as the Legislature had theretofore defined such utility by Section 2 of Art. 6050. And for a period of some twelve years the authorities charged with the duty of collecting the tax so construed the repealing act.

The 1931 Act also provided that "said fund shall be used for enforcing the provisions of Articles 6050 to 6066, inclusive." Appellants contend that this clause added something new to Art. 6060, thereby amending such statute so as to bring the 1931 Act within the foregoing inhibitions of Sec. 36 of Art. 3 of the Constitution. This provision added nothing to Art. 6060 either before or after its repeal in part. It imposes no tax, but merely directs that the license fee or tax so imposed shall be used to defray the expenses of controlling and regulating gas utilities. The original regulatory law of 1920 so provided, and after its codification into Arts. 6050 to 6066, R. S. 1925, Art. 6066 continued to so provide. This clause, therefore, added nothing new to any regulatory law relating to gas utilities. The 1931 Act made no attempt to add to or change, amend or revive any law. It merely repealed a portion of Art. 6060, and left intact the portion imposing a tax on gas pipe lines as defined in Section 2 of Art. 6050.

Since we hold that the 1931 Act was a repealing act, and clearly expresses in plain and unambiguous language the legislative intent, no question of departmental construction arises. No confusion arose over any departmental construction of the Act. The departmental construction which precipitated this suit relates to the constitutionality of the Act as relating to the provisions of Section 36 of Art. 3 of the Constitution. We hold that the Act violates none of these constitutional inhibitions.

But appellants further contend that if the 1931 Act is valid, appellee is liable for the license fee or tax imposed thereby, because it is in fact a pipe line utility within the meaning of that term as described in said 1931 Act. We think the contention is without merit.

The evidence is sufficient to support the conclusion of the trial court that appellee is a gas distributing company and not a pipe line utility as defined in Section 2 of Art. 6050. We think the question raised does not require a minute construction of Sections 1 and 3 of Art. 6060, which define certain classifications of business as being a "gas utility" within the meaning of the Act. Suffice it to say that appellee is engaged in the business of distributing gas at retail or to the burner tip of the ultimate consumer of the gas. It is not engaged in "owning or operating or managing a pipe line for the transportation or carriage of natural gas, whether for public hire or not," as defined in Section 2 of Art. 6050. The gas utility described in each of Sections 1, 2 and 3 of Art. 6050 has the right of eminent domain, and each necessarily carries on its utility business by the use of pipe lines. The Legislature, however, in regulating and controlling all such utilities had theretofore classified them into three classifications in accordance with the character of business done by each group. These groups generally represent three businesses, namely, production, transportation, and distribution and sale of gas. Before the repeal of a portion of Art. 6060 the Legislature had imposed the tax upon "every gas utility" described in all three classifications. By the repealing Act it continued to impose the tax only upon the gas utility described in Section 2 of Art. 6050. Thus it definitely and clearly imposed the tax upon the gas utility described as being persons engaged in "owning or operating or managing a pipe line for the transportation or carriage of natural gas, whether for public hire or not, if any part of the right of way for said line has been acquired * * * by the exercise of the right of eminent domain * * *." The distinguishing feature of this section, however, is that the business is a pipe line for transportation or carriage of natural gas by pipe line, and the repealing Act continued to impose the tax upon it only.

The remaining questions presented by appellants relate to matters of practice arising from the alleged admission of improper testimony. These matters have been carefully considered and are overruled.

The judgment of the trial court is affirmed.

Affirmed.