

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 16, 1959

General Ernest O. Thompson
Chairman, Railroad Commission
Tribune Building
Austin, Texas

Opinion No. WW-754

Re: Applicability of Article
6060, V.C.S., to gas pipe
line operations classi-
fied as field sales from
the gathering system, and
related questions.

Dear General Thompson:

We quote from your opinion request as follows:

"This application for an opinion concerns the
applicability of Article 6060, R.C.S. as amended,
to gas pipe line operations as hereafter described.
The principles involved are common to several pipe
line operators in the State; however, we have
chosen one company  the Colorado Interstate Gas
Company, and will outline its operations and the
questions we have regarding the taxes for which
they are liable under the above statute.

"Colorado Interstate Gas Company is a large inter-
state gas transmission system, purchasing and pro-
ducing gas principally in the Texas Panhandle and
delivering it to market in Colorado.

"(1) For the year 1958, the company reported in
its Annual Report to the Railroad Commission of
Texas the following Gross Recipts for Texas opera-
tions: Industrial $2,931; Governmental - $989,586;
Drilling Fuel - $2,469; Miscellaneous - $5,802;
totaling $1,000,788. On this amount the company
has not paid the gross receipts tax, stating that
this constitutes field sales from the gathering
system, and, hence, not taxable. In this connec-
tion it should be pointed out that the gathering
system connects to a large number of wells, only
about half of which are operated by company.

"(2) The company also made in 1958, sales to El
Paso Natural Gas totaling $2,419,050, delivered at
Dumas, Texas. This gas after delivery to El Paso
undoubtedly enters interstate commerce. On this
amount, also, the company has not paid the gross
receipts tax. (3) In addition the company also
recieved $14,259. during 1958 which it classified

as Rent from Gas Property, without any further classification.

"The questions to be answered for the above numbered paragraphs are as follows:

"(1)  Is the Colorado Interstate Gas Company liable for the gross receipts tax on the amount which the company has classified as field sales from the gathering system?  In this connection it should be pointed out that a different fact situation exists than existed in the Republic Natural Gas Company situation in the Opinion of Attorney General Gerald C. Mann, No. O-3524-A.

"(2)  Is the Colorado Interstate Gas Company liable for the gross receipts tax on the amount which the company received from El Paso Natural Gas Company for the sale of gas at Dumas, Texas?

"(3)  Assuming that the revenue received classified as Rent from Gas Properties was all from Texas properties and with no further classification, is this amount subject to the gross receipts tax?"

Article 6060, V.A.C.S., is as follows:

"Every gas utility subject to the provisions of this subdivision on or before the first day of January and quarterly thereafter, shall file with the Commission a statement, duly verified as true and correct by the president, treasurer or general manager if a company or corporation, or by the owner or one of them if an individual or co-partnership, showing the gross receipts of such utility for the quarter next preceding or for such portion of said quarterly period as such utility may have been conducting any business, and at such time shall pay into the State Treasury at Austin a sum equal to one-fourth of one per cent of the gross income received from all business done by it within this State during said quarter."

The scope of the taxes imposed by the foregoing article was limited by Section 10, H.B. 547 of the 42nd Legislature (Acts of 1931, 42nd Leg., R.S., Ch. 73, page 111), which reads:

> "Section 10. That Article 6060 of the Revised Civil Statutes of 1925, except insofar as it imposes the license fee or tax of one-fourth of one per cent against persons owning, operating, or managing pipe lines, as provided in Section 2 of Article 6050, is hereby repealed and said fund shall be used for enforcing the provisions of Articles 6050 to 6066, inclusive."

The pertinent portions of Article 6050 are as follows:

> "The term 'gas utility' and 'public utility' or 'utility,' as used in this subdivision, means and includes persons, companies and private corporations, their lessees, trustees, and receivers, owning, managing, operating, leasing or controlling within this State any wells, pipe lines, plant, property, equipment, facility, franchise, license, or permit for either one or more of the following kinds of business:

> " . . . .

> "2. Owning or operating or managing a pipe line for the transportation or carriage of natural gas, whether for public hire or not, if any part of the right of way for said line has been acquired, or may hereafter be acquired by the exercise of the right of eminent domain; or if said line or any part thereof is laid upon, over or under any public road or highway of this State, or street or alley of any municipality, or the right of way of any railroad or other public utility; including also any natural gas utility authorized by law to exercise the right of eminent domain."

The question that must be determined is whether the Colorado Interstate Gas Company owns, operates or manages a pipe line within the purview of the forgoing section.

From the facts set forth in your letter, it appears that the Colorado Interstate Gas Company operates a large interstate gas transmission system. This system is connected to a number of wells, about half of which are operated by Colorado Interstate. The natural gas transported in the transmission system is delivered principally to market in Colorado, but some is delivered and sold to El Paso Natural Gas Company in Dumas, Texas. Colorado Interstate has the

right of eminent domain.[1]  Under this set of circumstances, there can be no doubt but that the Colorado Interstate Gas Company is a corporation "owning or operating or managing a pipe line for the transportation or carriage of natural gas," within the meaning of Section 2 of Article 6050.

In answer to Question No. 1, you are advised that the Colorado Interstate Gas Company is liable for the gross receipts tax on the amount which the company has classified as field sales from the gathering system.  (It is assumed that all such sales are made in Texas.  In your letter you state that the company in its annual report described certain gross receipts from Texas operations, which it classified as field sales from its gathering system.  The gross receipts tax is due upon all receipts if actually gained from Texas operations; however, the act has no extra-territorial effect, and the tax is not due upon out-of-state sales. )

In line with the foregoing discussion, Question No. 2 is answered in the affirmative.

Based on your assumption that all revenue classified as rent from gas property was received from Texas properties, Question No. 3 is also answered in the affirmative.

---

[1] Article 1497, V.A.C.S., provides that any corporation created for the purpose of storing, transporting, buying and selling oil, gas, salt, brine and other minerals, solutions and liquified minerals has the right of eminent domain.  It is not necessary that a corporation be chartered for all of such purposes in order to have the right of eminent domain.  See note 3 at page 353, Vol. 16, Tex.Jur., Sec. 87.  The Colorado Interstate Corporation is a Delaware Corporation having a permit to do business in Texas.  Any foreign corporation having obtained a permit to do business in Texas can exercise the power of eminent domain in all cases where corporations created under the State laws may exercise that power.  Texas Midland Ry. Co. v. Southwestern Telegraph and Telephone Co., 57 S.W. 312 (Tex.Civ.App. 1900, no writ history); see also Gulf C. & S.F. Ry.Co. v. Southwestern Telegraph and Telephone Co., 61 S.W. 406 (Tex.Civ. App. 1901, error refused).  The case of Thompson v. United Gas Corporation, 190 S.W.2d 504 (Tex.Civ.App. 1945, error refused) states at page 509 that the gas utilities described in each of the Sections 1, 2 and 3 of Article 6050 have the right of eminent domain.  Consequently, it is apparent that Colorado Interstate Gas Company has the right of eminent domain.

## SUMMARY

The Colorado Interstate Gas Company is operating a pipe line for the transportation of natural gas within the purview of Section 2 of Article 6050, V.A.C. S. Consequently, it is required to pay the gross receipts tax imposed by Article 6060, V.A.C.S., on its gross receipts from Texas operations, which includes receipts from field sales in Texas and rent received from Texas properties.

Very truly yours,

WILL WILSON
Attorney General

By _____
Jack N. Price
Assistant

JNP:bct

APPROVED:

OPINION COMMITTEE:
Houghton Brownlee, Jr., Chairman

Paul Floyd
Howard Mays
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert