

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS May 12, 1959

WILL WILSON
ATTORNEY GENERAL

Honorable Ernest O. Thompson, Chairman
Railroad Commission of Texas
Austin, Texas

Opinion No. WW-625

Re: Applicability of Articles 6060
and 6050 to a gas pipeline
operation which crosses a pub-
lic road in one or more places

Dear General Thompson:

Your request for an opinion states the following:

"If a gas producer is required, in order to
sell his gas, to construct approximately five miles
of pipeline which crosses a public road in one or
more places and for which eminent domain proceedings
were not used in obtaining the right-of-way; and if
the purchaser of said gas is a public utility pay-
ing the tax provided in Article 6060; is the pro-
ducer liable for the tax provided in Article 6060?"

Article 6060, Vernon's Texas Civil Statutes, places
a tax on one of the three types of gas utilities described in
Article 6050. The classification of gas utilities set out in
Article 6050 describes three general categories, being persons,
companies, and corporations engaged in "one or more of the
following kinds of business:

"1. Producing or obtaining, transporting, convey-
ing, distributing or delivering natural gas: (a)
for public use or service for compensation; (b) for
sale to municipalities or persons or companies, in
those cases referred to in paragraph 3 hereof, en-
gaged in distributing or selling natural gas to the
public; (c) for sale or delivery of natural gas to
any person or firm or corporation operating under
franchise or a contract with any municipality or
other legal subdivision of this State; or, (d) for
sale or delivery of natural gas to the public for
domestic or other use.

"2. Owning or operating or managing a pipeline
for the transportation or carriage of natural gas,
whether for public hire or not, if any part of the
right of way for said line has been acquired, or
may hereafter be acquired by the exercise of the
right of eminent domain; or if said line or any
part thereof is laid upon, over or under any public
road or highway of this State, or street or alley
of any municipality, or the right of way of any
railroad or other public utility; including also
any natural gas utility authorized by law to exer-
cise the right of eminent domain.

"3. Producing or purchasing natural gas or trans-
porting or causing the same to be transported by
pipelines to or near the limits of any municipality
in which said gas is received and distributed or
sold to the public by another public utility or by
said municipality, in all cases where such business
is in fact the only or practically exclusive agency
of supply of natural gas to such utility or munici-
pality, is hereby declared to be virtual monopoly
and a business and property employed therein within
this State shall be subject to the provisions of
this law and to the jurisdiction and regulation of
the Commission as a gas utility."

Sections 4 and 4a of Article 6050 have no application
to this case, being exemptions of natural gas used for argicul-
tural purposes.

The gas utility tax provided in Article 6060, since
the Act of 1931, applies only to gas utilities described in
section 2 of Article 6050.

Questions have arisen in the application of the classi-
fication statute because of the fact that a business in one
category may have some of the attributes of a business in
another category. An opinion of Attorney General Gerald C.
Mann, No. O-3524-A, held that the gas gathering system of
Republic Natural Gas Company on its lease in the Saxet Field
in Nueces County did not come under Section 2 of Article 6050
because Republic Natural Gas Company was engaged in the busi-
ness of producing gas and the gathering lines, which were pipes
running from its wells to a central point on its own lease,
did not put it in the business of transportation of natural
gas.

The opinion in Thompson vs United Gas Corporation, 190 S.W.2d 504,509, confirms the emphasis which the 1942 opinion of the Attorney General had placed upon making a determination of the kind of business in which the operator is engaged, although the Court did not mention the opinion of the Attorney General. The Court's opinion states that the classifications in Article 6050 "generally represent three businesses, namely, production, transportation, and distribution and sale of gas." United Gas Corporation was held in that case to be in the business of distribution and sale of gas as described in section 3 rather than in the business of transportation of gas as described in Section 2. Therefore, the corporation was not subject to the gas utilities tax in question.

The Court pointed out that gas utilities described in all three sections of Article 6050 would have the right of eminent domain. It is to be assumed also that a company in the business of distributing gas would likely have pipelines laid across public roads and highways as well as would companies in the business of transportation or transmission of gas. Such facts did not convert the distribution business of United Gas Corporation into a transportation or transmission business as a matter of law when, in the cited case, the trial court had found the business to be that of a gas distributing company.

It is our opinion that each such case involves a fact question: What type of business is the operator actually engaged in? Of course, an operator might well be engaged in more than one of the three types of business described in Article 6050.

The facts stated in your request for an opinion describe the subject as a gas producer who, in order to sell gas from his well, found it necessary to lay approximately five miles of 3" line to connect with a transmission line The line crosses a public road in one or more places, but all of the pipeline right of way was obtained by purchase without resort to eminent domain proceedings.

It is our opinion that such facts do not establish that this gas producer is also in the business of transportation of gas as described in section 2 of Article 6050. While this is a fact question, we do not believe that the facts stated would be sufficient to support a determination by the Railroad Commission that this operator entered into the business of transportation or transmission of gas by the construction and use of such pipeline. Therefore, the producer would not be subject to the tax provided in Article 6060.

## SUMMARY

Under the facts as stated, the utility tax of Article 6060 does not apply to gas pipe line owned by a gas producer crossing a public road when the producer, in order to sell gas from his well, constructed approximately five miles of 3" line to connect with transmission line, because producer did not thereby engage in the business of transportation of gas as described in Section 2 of Article 6050.

Very truly yours,

WILL WILSON
Attorney General of Texas

By John Wildenthal, Jr.
John Wildenthal, Jr.
Assistant

JW/grb

APPROVED:

OPINION COMMITTEE
George P. Blackburn

Houghton Brownlee, Jr.
James Irion
W. Ray Scruggs
Joe G. Rollins

APPROVED FOR THE ATTORNEY GENERAL
BY:
W. V. Geppert