

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 4, 1967

Honorable Joe Resweber
County Attorney of Harris County
Harris County Courthouse
Houston, Texas 77002

Opinion No M-166

Re: Under Article 1970-110a.1, Vernon's Civil
Statutes (Acts 60th Legislature, R.S , 1967,
Ch. 712, p. 1835), whether the "Con-
gressional Certificate" now in use by the
Harris County Probate Court No. 1 is valid
since the instrument to which it is some-
times attached is signed in one capacity and
the certificate is signed in another capacity.

Dear Mr. Resweber:

In your request for an opinion from this office you state the following:

" 'The Honorable Jack Smith, Judge of the Probate Court of Harris
County, has directed the following inquiry to this office concerning the re-
cently passed Chapter 712, Acts of the 60th Legislature, Regular Session, 1967,
codified as Article 1970-110a 1, V A C S.:

" 'Is the "Congressional Certificate" now being used by the Probate
Court No. 1 of Harris County, Texas, valid, since the instrument to which it is
sometimes attached was signed in one capacity, and the certificate is signed in
another capacity?' "

The certificate which is now being used, reads, in part, as follows:

"I, Jack Smith, sole and presiding judge of Probate Court No. 1, for-
merly designated Probate Court, in and for Harris County, Texas, do hereby
certify that the foregoing attestation and certificate of R E. Turrentine, Jr , is
in due form of law. . ."

Section 1 of Article 1970-110a, Vernon's Civil Statutes, reads as follows:

"Section One. There is hereby created a County Court to be held in and
for Harris County, to be called the Probate Court of Harris County "

Section 13 of said Article 1970-110a provides:

"Sec 13 The County Clerk of Harris County shall be the Clerk of the
Probate Court of Harris County. The seal of the Court shall be the same as that

provided by law for County Courts, except that the seal shall contain the words 'Probate Court of Harris County.' The Sheriff of Harris County shall, in person or by deputy, attend the said Court when required by the Judge thereof."

Almost all of the sixteen sections of this statute refer to the Probate Court of Harris County, Texas.

Section 1 of Chapter 712, p. 1835, Acts 60th Legislature, R S., 1967, provides as follows:

"Section 1. Article 1970-110a of Vernon's Annotated Civil Statutes shall be amended so that the Probate Court of Harris County shall hereafter be known as the Probate Court No. 1 of Harris County, Texas, and the seal of said Court shall hereafter be the same as that provided by law for county courts, except that the seal shall contain the words: 'Probate Court No. 1 of Harris County, Texas.', and said seal shall be judicially noticed."

It is clear that this Article, as enacted by the 60th Legislature, in effect, attempts to amend both Section 1 and Section 13, supra, by reference, and of course was not published at length in the statute, as required by the Constitution of Texas.

Section 36 of Article III of the Texas Constitution states that:

"No law shall be revived or amended by reference to its title; but in such case the Act revived, or the section or sections amended, shall be re-enacted and published at length."

In *Henderson v City of Galveston,* 102 Tex. 163, 114 S W 108 (1908), the Court states:

"By referring to the charter it will be seen that section 34, the one amended, is not re-enacted in the amendatory act; the amendment being accomplished by the addition of a distinct provision conferring additional powers upon the board of commissioners *Section 36, Art 3, of the Constitution,* provides: 'No law shall be revived or amended by reference to its title; but in such case the act revived or the section or sections amended shall be re-enacted and published at length ' *In its language and structure the statute plainly violates this provision* By its very terms it undertakes to amend Section 34 of the charter, and that section as amended is not re-enacted, and of course cannot be published at length in the new statute Nor is there anything in the nature of the provision to take it out of the operation of the Constitution *It is not only named an amendment, but it is such in its character It adds a provision to the existing section and this, according to all authority judicial or parliamentary, of which we know anything is an amendment*

"

"But no authority cited, and none that we know of, has held that a section of a statute may be amended by adding words to it, without re-enacting the entire section as amended, and such a holding would be condemned by the plain words of the Constitution

"

"It may be true that this act was and is as susceptible of as easy an understanding, in connection with that of which it is an amendment by the Legislature in its passage, by the courts and by the public as if the original section, with the new provision included, has been re-enacted and published at large. As much, perhaps, might be said in favor of many statutes which do not conform to the Constitution. It may even be doubted if the good accomplished by the constitutional provision compensates for the inconvenience it causes. *But it must be remembered not only that the provision is intended to prevent the mischiefs against which it is directed, but that it seeks to accomplish this by a comprehensive and unbending rule, striking down all statutes which do not conform to it. From that rule the Constitution makes no exceptions, and neither the Legislature nor the courts have the right to make them* (Emphasis added )

In 28 U S C A 1738, it is provided, in part, that the records and judicial proceedings of any court of a state, or copies thereof, shall be proved or admitted in other courts within the United States and its territories or possessions by the attestation of the clerk and the seal of the court annexed, if a seal exists, together with a certificate of the judge of the court that said attestation is in proper form

Also, in Section 4 of Article 3731a, Vernon's Civil Statutes, it is provided that if the office in which the record is kept is within the United States, the certificate may be made by a judge of the court of record of the district or political subdivision in which the record is kept, authenticated by the seal of his office

We therefore agree with your conclusion that Section 1 of Chapter 712, p. 1835, Acts 60th Legislature, R S., 1967, is unconstitutional; nevertheless, the Probate Court of Harris County still exists and the judge of that court had the authority to make the certifications at all times, although the certificate is defective on its face in erroneously reciting the designation of the court as Probate Court No 1 pursuant to the unconstitutional statute. Under the general rule, the court's act is not void when the court in fact had jurisdiction and such a defect would not preclude the certificate from being effective 30 Am Jur 2d 171, Judgments, Sec 19

Since the certification is not void, it is settled that the law presumes the validity and regularity of the official acts of public officers within the line of their official duty, which presumption obtains, until overcome by proof, as to all acts involving the performance of minis-

terial or administrative duties. In 30 Am Jur 2d 118, Evidence, Section 989, it is stated:

"The federal statute relating to the authentication of judicial records provides that the records and judicial proceedings of any court of any state, territory, or possession of the United States, or copies thereof, shall be proved or admitted in other courts within the United States and its territories and possessions by the attestation of the clerk and the seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form A record of a judgment so authenticated proves itself without further evidence, and such authenticated transcript is sufficient without proof of the laws of the sister state showing the organization and jurisdiction of the courts. If the court in which the record was made has been abolished, and its records transferred to another court, these facts need not be shown by proof of the statutes of the state authorizing the change; the certificate of the clerk setting out such facts, together with the usual certificate of the judge that the attestation is in proper form, is all that is needed A transcript of a record from another state properly authenticated by certificates of the judge and clerk of court as required by the act of Congress, which shows that the record is among those of the court of which they are officers, is prima facie admissible in evidence, although the record itself purports to belong to another court. ."

## SUMMARY

Although Section 1 of Chapter 712, p 1835, Acts 60th Legislature, R.S., 1967, is unconstitutional, the "Congressional Certificate" now in use by the Harris County Probate Court No 1 is not void so as to preclude its effectiveness.

Yours very truly,

CRAWFORD C MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

Honorable Joe Resweber, page 5 (M-166)

W. V. Geppert
Brandon Bickett
Alan Minter
Alvin Zimmerman

A. J. CARUBBI, JR.
Staff Legal Assistant