

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Overruled by *case of*
*Westerfell vs. Yates*
*194 S.W. (2d) 395.*

Honorable J. D. Todd, Jr.
Criminal District Attorney
Nueces County Courthouse
Corpus Christi, Texas

Dear Sir:

Opinion No. 0-7006

Re: Constitutionality of
House Bill No. 574, Acts
1945, 49th Legislature.

We are in receipt of your letter of recent date requesting the opinion of this department on the above stated matter. We greatly appreciate your discussion of the various questions raised relative to the constitutionality of House Bill No. 574, Acts 1945, 49th Legislature.

H. B. No. 574, Acts 1945, 49th Legislature, provides:

"AN ACT to amend Sections 28, 103, and 107 of Article 199 of the Revised Civil Statutes of Texas and all amendments thereto, providing for the change in the name of the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties to the 107th District Court, giving it general jurisdiction, limiting its territorial jurisdiction to the Counties of Willacy and Cameron; providing that the District Attorney of the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties shall henceforth serve the 28th Judicial Court in the Counties of Nueces, Kleberg, and Kenedy only; providing for the 28th Judicial District Court to have general jurisdiction in the Counties of Nueces, Kleberg, and Kenedy, and concurrent jurisdiction with the 94th and 117th Judicial District Courts in the County of Nueces, and providing that the 107th Judicial District Court shall have concurrent jurisdiction with the 103rd Judicial District Court in Cameron and Willacy Counties; providing that the 107th

Hon. J. D. Todd, Jr., page 2

Judicial District Court shall give preference to criminal cases; providing that the 103rd Judicial District Court shall have general jurisdiction in the Counties of Cameron and Willacy, but shall give preference to civil cases and shall not, except in cases of emergency, be required to empanel Grand Juries; providing that the County Attorneys of the Counties of Willacy and Cameron, respectively, shall henceforth represent the State in the District and inferior Courts in their said respective Counties of Cameron and Willacy; providing that in Counties situated in two or more judicial districts, and in which Counties, the County Attorney is called on to perform the duties ordinarily performed by District Attorneys, and where the office of District Attorney or Criminal District Attorney in such Counties has been abolished since the enactment of Section 13 of Article 3912e, Revised Civil Statutes of Texas, Acts 1939, Forty-sixth Legislature, Special Laws, page 608, Section 1, that the Commissioners Court, in such Counties, is authorized and empowered to pay to such County Attorneys so performing the duties of such District Attorneys an additional sum not to exceed Twelve Hundred Dollars ($1200) per year, said sum to be paid in twelve (12) equal monthly instalments; providing an effective date; providing a constitutional clause; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. Amend Sections 28, 103, and 107 of Article 199 of the Revised Civil Statutes of Texas and all amendments thereto, so as to renumber the same and hereafter read as follows:

"'That from and after the first day of January, A. D. 1947, the 28th Judicial District of Texas shall be composed of the Counties of Nueces, Kleberg, and Kenedy, and shall be a Court of general jurisdiction, with the jurisdiction conferred upon District Courts by the constitution and laws of the State of Texas; and in the County of Nueces, it shall have concurrent jurisdiction with the 94th and 117th District Courts.

"'On the effective date of this Act, the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties shall become a Court of general jurisdiction, with the jurisdiction provided by the Constitution and Laws of the State of Texas for District Courts,

and shall be composed of the Counties of Willacy and Cameron, and thenceforth be known as the 107th Judicial District of Texas; and shall have concurrent jurisdiction with the 103rd Judicial District Court within said two Counties; provided that the 107th District Court shall give preference to criminal cases. The 103rd Judicial District Court shall be a Court of general jurisdiction, with the jurisdiction provided by the Constitution and Laws of the State of Texas, and shall continue to be composed of the Counties of Willacy and Cameron, but shall give preference to civil cases and shall not, except in cases of emergency, be required to empanel Grand Juries.

"'Sec. 2. All cases upon the docket of the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties, in the Counties of Nueces, Kleberg and Kenedy, shall, on the effective date of this Act, be transferred by the District Clerks of said Counties to the docket of the 28th District Court, and the Judge of said 28th District Court to which said cases shall be transferred, shall thereafter have power, authority, and jurisdiction to try such cases so transferred to such Court, and in addition to approve all statements of fact, bills of exception, and to make any and all orders, decrees and judgments proper and necessary in any case theretofore tried by the said Criminal District Court above named, within said Counties; provided that any such action or actions be taken within the same time limits that would have governed the Judge of the Court from which said cause or causes were transferred.

"'Sec. 3. All cases upon the docket of the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties, in the Counties of Cameron and Willacy, shall, on the effective date of this Act, be considered as on file in the 107th District Court, as herein denominated, and the Judge of said 107th District Court, as herein denominated shall have power, authority, and jurisdiction to try all such cases, and in addition, to approve all statements of fact, bills of exception, and to make any and all orders, decrees, and judgments proper and necessary in any cases theretofore tried by the said Criminal District Court, hereinabove named, within said two Counties; provided, that any such action or actions be taken within the same time limits that would have governed the Judge of the Court from which said cause or causes were transferred.

"'Sec. 4. After the effective date of this Act, the District Attorney for the Criminal District Court for Nueces, Kleberg, Kenedy, Willacy and Cameron Counties shall serve the 28th Judicial District Court as designated by this Act, and shall thenceforth be known as the District Attorney for the 28th Judicial District of Texas, and at the next general election such office shall be filled by the election of a District Attorney for the 28th Judicial District of Texas for the Counties of Nueces, Kleberg and Kenedy, said office to be voted upon by the qualified voters of said three named Counties only.

"'The County Attorneys of Willacy and Cameron Counties shall, respectively, from and after the effective date of this Act, represent the State of Texas in all matters now handled by the above mentioned District Attorney for the above mentioned Criminal District Court within said respective Counties.

"'Sec. 5. Each term of Court within the 107th Judicial District shall begin on the first Mondays of January and July of each year, respectively, and may continue until the beginning of the succeeding term. The Judge of the 107th Judicial District Court, at his discretion, may hold as many sessions of Court in any term of the Court in either County in his district as may be deemed by him proper and expedient for the disposition of the Court's business, and the jurors therefor may be summoned to appear before such District Court at such times as may be designated by the Judge thereof.

"'Sec. 6. Nothing contained in this Act shall affect the present terms of the 28th and 103rd Judicial District Courts but said terms shall continue as now provided by law for said respective Courts.

"'Sec. 7. In any county which is situated within two (2) Judicial Districts and in which the County Attorney of such County is performing the duties of a District Attorney, as well as those of a County Attorney, and in which Counties the office of District Attorney, or the office of Criminal District Attorney has been abolished since the enactment of Section 13, Article 3912e, Revised Civil Statutes of Texas, Acts 1939, Forty-sixth Legislature, Special Laws, page 608, section 1, the Commissioners Court of any such County is hereby authorized, at their discretion, to pay to such County Attorney so performing such duties of District Attorney, as compensation, over and above the salary which such County Attorney draws as County Attorney, a sum not to exceed the amount of Twelve

Hon. J. D. Todd, Jr., page 5

Hundred Dollars ($1200) per annum, such additional compensation to be paid in twelve (12) equal monthly instalments.'

"Sec. 2. This Act shall take effect and be in operation on and after the first day of January, A. D. 1947.

"Sec. 3. If any paragraph, sentence, clause, section, or provision of this Act shall be held to be invalid or unconstitutional, the validity of other portions of this Act shall not be affected thereby, but shall remain in force and effect.

"Sec. 4. On the effective date of this Act, all laws and parts of laws in conflict herewith, are hereby repealed, in so far as such conflict is concerned.

"Sec. 5. The fact that there is a great need for giving the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties general jurisdiction in the Counties of Willacy and Cameron, and reducing its territorial jurisdiction to said two (2) Counties, and the fact that the rearrangement of the Courts provided for in this Act, and the placing of the District Attorney's work on certain County Attorneys adds burdens and duties on County Attorneys over and beyond the duties for which they are being compensated based on what is generally known as the 'Salaries Bill Enactment,' in which their salaries were fixed for performing duties solely as County Attorney, in Counties in which District Attorneys offices formerly existed, and the crowded condition of the calendar, create an emergency and an imperative public necessity, demanding the suspension of the Constitutional Rule requiring all bills to be read on three several days in each House, and such Constitutional Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.

"Passed by the House, April 23, 1945: Yeas 124, Nays 2; passed by the Senate, May 3, 1945: Yeas 28, Nays 0.

"Filed without the Governor's signature, June 4, 1945.

"Effective Jan. 1, 1947."

Hon. J. D. Todd, Jr., page 6

We note the following language in the introductory portion of Section 1 of said Act:

"Amend Sections 28, 103, and 107 of Article 199 of the Revised Civil Statutes of Texas and all amendments thereto, so as to renumber the same and hereafter read as follows:" (underscoring ours)

The above quoted language is followed by the remaining portion of Section 1 and six other sections (through Sec. 7) enclosed in quotation marks, which is the form customarily followed in recasting the language of existing statutes and thereby re-enacting same. If the Act purports to recast the language of a provision, such Act operates to repeal any omitted provisions of the original. (See 39 Tex. Jur., Sections 64 and 79, pp. 127 and 147, and cases cited thereunder.) Thus, if the instant Act purports to recast the language of Sections 28, 103 and 107 of Article 199, such Act repeals and supersedes the previous provisions of said sections. A contrary intention, however, is indicated in the following provisions of Section 6 and Section 4:

"'Sec. 6. Nothing contained in this Act shall affect the present terms of the 28th and 103rd Judicial District Courts but said terms shall continue as now provided by law for said respective courts.'"

"Sec. 4. On the effective date of this Act, all laws and parts of laws in conflict herewith, are hereby repealed in so far as such conflict is concerned."

The above quoted language manifests an intention that certain portions of the original provisions cf Sections 28 and 103 of Article 199 are to remain in full force and effect and that the provisions of Sections 28, 103 and 107, prior to the instant Act, are repealed only to the extent of conflict with the provisions of the amendatory Act. We point out, however, that if Sections 28, 103 and 107 of Article 199 are amended by this Act only in certain respects and certain portions of the original provisions of said sections are to remain in full force and effect, the question arises as to whether said Act violates Article 3, Section 36 of the Texas Constitution, which provides:

"No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length." (underscoring ours)

Hon. J. D. Todd, Jr.,  page 7

With reference to constitutional provisions prohibiting amendments by reference, we quote the following language from Sutherland's Statutory Construction, 3rd Ed., Vol. 1, Section 1919:

"* * * The constitutional limitation was enacted-- to place the proposed act before the legislators in a form that will enable them without reference to a prior act to understand the change proposed and then to place the enacted statute in the printed laws in a form that will enable the public, or more particular- ly the lawyers, to understand the change without reference to prior legislation." (underscoring ours)

Section 1901, Sutherland's Statutory Construction, Vol. 1, contains the following language:

"For the purpose of compliance with the constitu- tional limitation that no act shall be amended by mere reference to its title, but the act as amended shall be re-enacted and published at length, the form of the statute is the test of its amendatory character--i.e., does it purport to amend directly a prior statute." (underscoring ours)

An act which purports to amend an act but which does not set out the amended sections in full is violative of Art. 3, Sec. 36 of the Texas Constitution (See 39 Tex. Jur., Sec. 63, p. 125; Flores v. State, 109 Crim. Rep. 261, 4 S. W. (2d) 43, Henderson v. City of Galveston, 102 Tex. 163, 114 S. W. 108).

The case of Henderson v. City of Galveston, supra, involved an Act by the Legislature which added a sentence to a section of an Act previously enacted by the Legislature without re-enacting and publishing the entire section at length.  In holding that such an amendment was invalid under the terms of Article 3, Section 36 of the Constitution, Mr. Justice Williams, speaking for the Supreme Court said:

"But no authority cited and none that we know of has held that a section of a statute may be amended by adding words to it, without re-enacting the entire section as amended, and such a holding would be condemned by the plain words of the Constitution.

"* * *

Hon. J. D. Todd, Jr., page 8

"It may be true that this act was and is as susceptible of as easy an understanding in connection with that of which it is an amendment, by the Legislature in its passage, by the courts and by the public, as if the original section, with the new provision included, had been re-enacted and published at large. As much perhaps might be said in favor of many statutes which do not conform to the Constitution. It may even be doubted if the good accomplished by the constitutional provision compensates for the inconvenience it causes. But it must be remembered not only the provision is intended to prevent the mischiefs against which it is directed, but that it seeks to accomplish this by a comprehensive and unbending rule, striking down all statutes which do not conform to it. From that rule the Constitution makes no exceptions, and neither the Legislature nor the courts have the right to make them." (underscoring ours)

After carefully considering the various provisions of H. B. 574, it is our opinion that the Act seeks to amend Sections 28, 103 and 107 of Article 199 in certain respects and, at the same time, to leave certain portions of the original provisions of said sections in full force and effect without re-enacting and publishing at length all of the sections as amended. Thus, the instant Act, purporting to amend Sections 28, 103 and 107 of Article 199, is not in a form whereby the changes made in the Sections involved may be understood without reference to said sections as they existed prior to the amendment. In view of the foregoing and in view of the authorities cited herein, it is our opinion that H. B. 574, Acts 49th Legislature, 1945, violates Article 3, Section 36 of the Constitution of Texas and is therefore void.

In view of our holding herein, we do not deem it necessary to discuss separately each of the questions raised in your inquiry relative to the constitutionality of the Act.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

J. A. Ellis
Assistant

JAE:LJ

APPROVED
OPINION
COMMITTEE

BY _____ CHAIRMAN