

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-121-CR

CHARLES HIRSCH                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## OPINION

------------

### Introduction

Appellant Charles Hirsch appeals the trial court's judgment convicting him of online solicitation of a minor. In three points, he asserts that the portion of the judgment requiring him to register as a sex offender violates his federal and state constitutional rights and that the trial court acted without statutory authority in including such a requirement. We affirm.

**Background Facts**

In August 2007, a Denton County grand jury indicted appellant with two counts of online solicitation of a minor. *See* Tex. Penal Code Ann. § 33.021 (Vernon Supp. 2008). The indictment alleged that appellant committed the offenses on June 14 and 17, 2007.

On January 23, 2008, appellant filed an objection to the trial court's prospective imposition of any sex offender registration requirement upon his conviction for the two charges. After the trial court denied his objection, appellant pled guilty to the charges according to a plea bargain with the State. The trial court convicted appellant, sentenced him to 180 days' confinement, and ordered that he register as a sex offender. Appellant preserved his right to appeal the court's ruling on his objection to the registration requirement. *See* Tex. R. App. P. 25.2(a)(2)(A). After filing a motion for new trial, appellant timely filed his notice of this appeal.[1]

---

[1] Appellant concedes that he committed the offenses as charged in the State's indictment. He does not appeal his convictions; rather, he asserts that the portion of the trial court's judgment that includes the registration requirement is void.

**Legislative History**

The parties agree that the principal issue in this case is whether two bills passed in the same legislative session, each relating to sex offender registration requirements, are reconcilable. Thus, we will give a brief history of these bills.

In the 2005 regular session, legislators passed House Bill 2228, creating the online solicitation of a minor offense and requiring anyone convicted of that offense to register as a sex offender. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 2, 2005 Tex. Gen. Laws 4049, 4050–51 (amended 2005) (current versions at Tex. Penal Code Ann. § 33.021 and Tex. Code Crim. Proc. Ann. art. 62.001(5) (Vernon Supp. 2008)); *see also* Senate Research Ctr., Bill Analysis, Tex. H.B. 2228, 79th Leg., R.S. (2005) (explaining that the bill amended the penal code to "allow for the filing of charges against individuals who engage in conversations over the Internet with the intent of meeting a minor for sexual activity" and that it also redefined "reportable conviction or adjudication" in the sex offender registration statute). To apply the sex offender registration requirement to a conviction for online solicitation of a minor, House Bill 2228 added a new subsection to the then-existing registration statute; however, the bill included a recitation of the entire relevant registration section:

SECTION 2. Article 62.01(5), Code of Criminal Procedure, is amended to read as follows:

(5) "Reportable conviction or adjudication" means a conviction or adjudication, regardless of the pendency of an appeal, that is:

(A) a conviction for a violation of Section 21.11 (Indecency with a child), 22.011 (Sexual assault), 22.021 (Aggravated sexual assault), or 25.02 (Prohibited sexual conduct), Penal Code;

(B) a conviction for a violation of Section 43.05 (Compelling prostitution), 43.25 (Sexual performance by a child), or 43.26 (Possession or promotion of child pornography), Penal Code;

(C) a conviction for a violation of Section 20.04(a)(4) (Aggravated kidnapping), Penal Code, if the defendant committed the offense with intent to violate or abuse the victim sexually;

(D) a conviction for a violation of Section 30.02 (Burglary), Penal Code, if the offense is punishable under Subsection (d) of that section and the defendant committed the offense with intent to commit a felony listed in Paragraph (A) or (C);

(E) a conviction for a violation of Section 20.02 (Unlawful restraint), 20.03 (Kidnapping), or 20.04 (Aggravated kidnapping), Penal Code, if the judgment in the case contains an affirmative finding under Article 42.015;

(F) the second conviction for a violation of Section 21.08 (Indecent exposure), Penal Code;

(G) a conviction for an attempt, conspiracy, or solicitation, as defined by Chapter 15, Penal Code, to

4

commit an offense listed in Paragraph (A), (B), (C), (D), or (E);

(H)    an adjudication of delinquent conduct:

(i)    based on a violation of one of the offenses listed in Paragraph (A), (B), (C), (D), [or] (G), *or (N)* or, if the order in the hearing contains an affirmative finding that the victim or intended victim was younger than 17 years of age, one of the offenses listed in Paragraph (E); or

(ii)    for which two violations of the offense listed in Paragraph (F) are shown;

(I)    a deferred adjudication for an offense listed in:

(i)    Paragraph (A), (B), (C), (D), [or] (G), *or (N)*; or

(ii)    Paragraph (E) if the papers in the case contain an affirmative finding that the victim or intended victim was younger than 17 years of age;

(J)    a conviction under the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for an offense containing elements that are substantially similar to the elements of an offense listed under Paragraph (A), (B), (C), (D), (E), [or] (G), *or (N)*;

(K)    an adjudication of delinquent conduct under the laws of another state, federal law, or the laws of a foreign country based on a violation of an offense containing elements that are substantially similar to the elements of an offense listed under Paragraph (A), (B), (C), (D), (E), [or] (G), *or (N)*;

5

(L)     the second conviction under the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for an offense containing elements that are substantially similar to the elements of the offense of indecent exposure; [or]

(M)     the second adjudication of delinquent conduct under the laws of another state, federal law, or the laws of a foreign country based on a violation of an offense containing elements that are substantially similar to the elements of the offense of indecent exposure; *or*

(N)     *a conviction for a violation of Section 33.021 (Online solicitation of a minor), Penal Code.*

Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 2, 2005 Tex. Gen. Laws 4049, 4050–51 (amended 2005).

In the same session, the legislature enacted House Bill 867, which, in part, amended the same section of the registration statute that the legislature had amended the previous day by passing House Bill 2228. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3386–87 (amended 2007) (current version at Tex. Code Crim. Proc. Ann. art. 62.001(5)). Unlike House Bill 2228, House Bill 867 did not contain any reference to the inclusion of online solicitation of a minor as an offense subject to registration requirements; it also made several other changes to the registration statute not made by the previous bill:

6

SECTION 1.01. Chapter 62, Code of Criminal Procedure, is reenacted and amended to read as follows:

. . . .

(5) "Reportable conviction or adjudication" means a conviction or adjudication, *including an adjudication of delinquent conduct or a deferred adjudication*, [regardless of the pendency of an appeal,] that, *regardless of the pendency of an appeal*, is *a conviction for or an adjudication for or based on*:

(A) [a conviction for] a violation of Section 21.11 (Indecency with a child), 22.011 (Sexual assault), 22.021 (Aggravated sexual assault), or 25.02 (Prohibited sexual conduct), Penal Code;

(B) [a conviction for] a violation of Section 43.05 (Compelling prostitution), 43.25 (Sexual performance by a child), or 43.26 (Possession or promotion of child pornography), Penal Code;

(C) [a conviction for] a violation of Section 20.04(a)(4) (Aggravated kidnapping), Penal Code, if the *actor* [defendant] committed the offense *or engaged in the conduct* with intent to violate or abuse the victim sexually;

(D) [a conviction for] a violation of Section 30.02 (Burglary), Penal Code, if the offense *or conduct* is punishable under Subsection (d) of that section and the *actor* [defendant] committed the offense *or engaged in the conduct* with intent to commit a felony listed in Paragraph (A) or (C);

(E) [a conviction for] a violation of Section 20.02 (Unlawful restraint), 20.03 (Kidnapping), or 20.04 (Aggravated kidnapping), Penal Code, if, *as applicable:*

7

*(i)* the judgment in the case contains an affirmative finding under Article 42.015; *or*

*(ii)* *the order in the hearing or the papers in the case contain an affirmative finding that the victim or intended victim was younger than 17 years of age*;

(F) the second [conviction for a] violation of Section 21.08 (Indecent exposure), Penal Code, *but not if the second violation results in a deferred adjudication*;

(G) [a conviction for] an attempt, conspiracy, or solicitation, as defined by Chapter 15, Penal Code, to commit an offense *or engage in conduct* listed in Paragraph (A), (B), (C), (D), or (E);

(H) [an adjudication of delinquent conduct:

[(i) based on a violation of one of the offenses listed in Paragraph (A), (B), (C), (D), or (G) or, if the order in the hearing contains an affirmative finding that the victim or intended victim was younger than 17 years of age, one of the offenses listed in Paragraph (E); or

[(ii) for which two violations of the offense listed in Paragraph (F) are shown;

[(I) a deferred adjudication for an offense listed in:

[(i) Paragraph (A), (B), (C), (D), or (G); or

[(ii) Paragraph (E) if the papers in the case contain an affirmative finding that the victim or intended victim was younger than 17 years of age;

8

[(J)] a *violation of* [conviction under] the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for *or based on the violation of* an offense containing elements that are substantially similar to the elements of an offense listed under Paragraph (A), (B), (C), (D), (E), or (G), *but not if the violation results in a deferred adjudication*; *or*

*(I)* [(K) an adjudication of delinquent conduct under the laws of another state, federal law, or the laws of a foreign country based on a violation of an offense containing elements that are substantially similar to the elements of an offense listed under Paragraph (A), (B), (C), (D), (E), or (G)];

[(L)] the second *violation of* [conviction under] the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for *or based on the violation of* an offense containing elements that are substantially similar to the elements of the offense of indecent exposure, *but not if the second violation results in a deferred adjudication*[; or

[(M) the second adjudication of delinquent conduct under the laws of another state, federal law, or the laws of a foreign country based on a violation of an offense containing elements that are substantially similar to the elements of the offense of indecent exposure].

*Id.* By passing House Bill 867, the legislature aimed to reorganize Chapter 62 of the code of criminal procedure,[2] "streamline, simplify, and clarify" its

---

[2] For instance, House Bill 867 renumbered the section of the code of criminal procedure relevant to this appeal from 62.01(5) (as indicated by House Bill 2228) to 62.001(5).

provisions, and make some substantive changes.  *See* Senate Research Ctr., Bill

Analysis, Tex. H.B. 867, 79th Leg., R.S. (2005).

### The Code Construction Act and Reconciliation of the Two Bills

In his first point, appellant asserts that because the legislature passed

House Bill 867 (which, as indicated above, did not contain any reference to

online solicitation of a minor as an offense requiring sex offender registration)

after it passed House Bill 2228 (which did specifically contain such a

reference), and because the two bills are allegedly irreconcilable, House Bill 867

prevails; thus, no statutory authority existed for the trial court's imposition of

the registration requirement in this case.[3]

**Standard of Review**

When deciding issues related to statutory construction, we apply a de

novo standard of review, "ascertaining and giving effect to the legislature's

intent as expressed by the plain and common meaning of the statute's words."

---

[3] The legislature again amended the registration section relevant to this appeal in 2007, before appellant's conviction but after he committed his offenses.  *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 3.22, 4.01, 2007 Tex. Gen. Laws 1136, 1136–37, 1148 (current version at Tex. Code Crim. Proc. Ann. art. 62.001(5)).  This amendment also incorporated the online solicitation of a minor offense as requiring sex offender registration; however, the amendment applied only to offenses committed on or after September 1, 2007.  *Id.*  Thus, this amendment cannot serve as the basis for the trial court's imposition of appellant's registration requirement.

*See Wichita County v. Bonnin*, 268 S.W.3d 811, 817 (Tex. App.—Fort Worth 2008, pet. denied); *Molano v. State*, 262 S.W.3d 554, 562 (Tex. App.—Corpus Christi 2008, no pet.); *Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 436 (Tex. App.—Fort Worth 2005, no pet.). "It is a question of law for the court to decide whether a particular remedy is available under a statute." *Molano*, 262 S.W.3d at 562; *see State v. Vasilas*, 187 S.W.3d 486, 488 (Tex. Crim. App. 2006).

**Analysis**

The Code Construction Act applies to the legislative amendments detailed above. *See* Tex. Gov't Code Ann. §§ 311.001, 311.002(2) (Vernon 2005). Section 311.025 of the Act states,

> (a)    Except as provided by Section 311.031(d),[4] if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails.
>
> *(b)    Except as provided by Section 311.031(d), if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each.  If the amendments are irreconcilable, the latest in date of enactment prevails*.

---

[4] Section 311.031(d) provides that if "any provision of a code conflicts with a statute enacted by the same legislature that enacted the code, the statute controls." Tex. Gov't Code Ann. § 311.031(d) (Vernon 2005). Neither party has contended that this section applies to the issues raised in this appeal.

11

(c)  In determining whether amendments are irreconcilable, *text that is reenacted because of the requirement of Article III, Section 36, of the Texas Constitution is not considered to be irreconcilable with additions or omissions in the same text made by another amendment. Unless clearly indicated to the contrary, an amendment that reenacts text in compliance with that constitutional requirement does not indicate legislative intent that the reenacted text prevail over changes in the same text made by another amendment, regardless of the relative dates of enactment.*

(d)  In this section, the date of enactment is the date on which the last legislative vote is taken on the bill enacting the statute.

(e)  If the journals or other legislative records fail to disclose which of two or more bills in conflict is latest in date of enactment, the date of enactment of the respective bills is considered to be, in order of priority:

> (1)  the date on which the last presiding officer signed the bill;

> (2)  the date on which the governor signed the bill; or

> (3)  the date on which the bill became law by operation of law.

Tex. Gov't Code Ann. § 311.025 (Vernon 2005) (emphasis added). This section relates that we must attempt to give effect to both of House Bills 867 and 2228; other portions of the Code Construction Act support this same goal. *See id.* § 311.021(2) (Vernon 2005); *see also State v. Preslar*, 751 S.W.2d 477, 481 (Tex. 1988) (orig. proceeding) (indicating that in determining whether bills are reconcilable, courts may consider the object to be attained, the circumstances under which the statute was enacted, and the legislative

12

history); *R & R Contractors v. Torres*, 88 S.W.3d 685, 702 (Tex. App.—Corpus Christi 2002, no pet.) (explaining that there is a presumption that bills affecting the same statute are reconcilable); *Price v. State*, 35 S.W.3d 136, 142 (Tex. App.—Waco 2000, pet. ref'd) (stating that a court's role in interpreting the effects of amendments is to "look for and give effect to the [legislature's] intent").

In *Rhoades v. State*, the appellant contested his conviction for capital murder, asserting (among other arguments) that two bills passed in the 1991 regular legislative session were incompatible. 934 S.W.2d 113, 121 (Tex. Crim. App. 1996).[5] The bills both concerned substantive changes to article 37.071 of the code of criminal procedure. *Id.*; *see* Tex. Code Crim. Proc. Ann. art. 37.071 (Vernon 2006). The Court of Criminal Appeals explained the changes made by both bills:

> Senate Bill 880 amended Article 37.071 so as to delete the special punishment issues concerning "deliberateness" and "provocation," while such a deletion was not reflected in House Bill 9.
>
> . . . .

---

[5] Because of such alleged incompatibility, the appellant contended that his federal constitutional rights under the Fourteenth Amendment and his state constitutional rights under Article 1, Section 19 had been violated. *Rhoades*, 934 S.W.3d at 121; *see* U.S. Const. amend. XIV; Tex. Const. art. I, § 19. Appellant has asserted violations of these same constitutional provisions in his second and third points.

House Bill 9 made a single substantive change to Article 37.071. That change was the addition of Section One, in which the State might elect to decline pursuit of a death sentence in a capital case. To indicate this change, the Legislature was compelled to "re-enact" the entire statute as it was before amendment. Article 37.071 did not yet contain the changes made by Senate Bill 880 because these changes were made during the same legislative session and had not yet taken effect. Hence, House Bill 9 does not contain the changes made by Senate Bill 880.

Senate Bill 880 made more extensive amendments. These changes essentially involved the elimination of the "deliberate" and "provocation" prongs of the jury charge, and the addition of the mitigation finding. To signify these changes, the Legislature was required to "re-enact" the entire statute, as it was before amendment. House Bill 9 was not yet part of Article 37.071.

*Rhoades*, 934 S.W.2d at 121–22 (citation omitted). The court then relied on section 311.025 of the Code Construction Act to hold that although each bill made substantive changes the other did not, they were still reconcilable. *Id.* at 122.

Appellant contends that, unlike in *Rhoades*, section 311.025(c) does not apply to this case because the text in House Bill 2228 was not "reenacted because of the requirement of Article III, Section 36, of the Texas Constitution," as the section requires.[6] Tex. Gov't Code Ann. § 311.025(c).

---

[6] Appellant concedes that if section 311.025(c) applies to the two bills at issue, the bills are reconcilable, and both are effective.

14

**House Bill 2228 reenacted the registration statute though it did not contain the word "reenact"**

First, appellant reasons that House Bill 2228 was not reenacted in accordance with the constitutional requirement because the language in House Bill 2228 does not include the term "reenacted," as House Bill 867 does, signaling the legislature's intention only to amend the statute rather than to reenact it. However, the court in *Rhoades* applied section 311.025(c) although neither of the bills it considered contained any language regarding reenactment; rather, like House Bill 2228, the bills merely stated that they "amended [the statute] to read as follows." Act of May 27, 1991, 72nd Leg., R.S., ch. 652, § 9, 1991 Tex. Gen. Laws 2394, 2395–96 (amended 1993) (current version at Tex. Code Crim. Proc. Ann. art. 37.071); Act of May 17, 1991, 72nd Leg., R.S., ch. 838, § 1, 1991 Tex. Gen. Laws 2898, 2898–2900 (amended 1991) (current version at Tex. Code Crim. Proc. Ann. art. 37.071); *see Rhoades*, 934 S.W.2d at 121–22. Like House Bill 2228, the bills in *Rhoades* did, however, set forth the full statute, including the changed portions, at length. Act of May 27, 1991, 72nd Leg., R.S., ch. 652, § 9, 1991 Tex. Gen. Laws 2394,

2395–96 (amended 1993); Act of May 17, 1991, 72nd Leg., R.S., ch. 838, § 1, 1991 Tex. Gen. Laws 2898, 2898–2900 (amended 1991).[7]

We conclude and hold, therefore, that when the legislature recites a statute at full length while amending it, it "reenacts" the statute, regardless of the terminology it uses to do so.[8] *See also Tex. Fid. & Bonding Co. v. City of Austin*, 112 Tex. 229, 236, 246 S.W. 1026, 1029 (1922) (indicating that a statute may be reenacted "by amendment"). Thus, we hold that House Bill 2228 reenacted the registration section by including the entire section within the bill.

**House Bill 2228 reenacted the registration section because of the constitutional requirement**

Second, appellant contends that even if House Bill 2228 did reenact the relevant registration section, that reenactment was not "because of the

---

[7] Similarly, in *State ex rel. Turner v. McDonald*, the Court of Criminal Appeals stated that a bill reenacted a section of article 42.12 of the code of criminal procedure when the bill did not specifically contain the word "reenact," but stated that the article was "amended to read as follows." 676 S.W.2d 375, 377 (Tex. Crim. App. 1984), *superseded by statute on other grounds as stated in Whitelaw v. State*, 29 S.W.3d 129, 133–34 (Tex. Crim. App. 2000); *see* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 9, 1983 Tex. Gen. Laws 1568, 1587–88 (amended 1993) (current version at Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2008)).

[8] Appellant has not cited any authority, and we have found none, expressly requiring the word "reenact" to appear in a bill for the bill to have a reenacting effect.

requirement of Article III, Section 36, of the Texas Constitution." *See* Tex. Gov't Code Ann. § 311.025(c). Article III, section 36 provides, "No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length." Tex. Const. art. III, § 36; *see Baggett v. State*, 673 S.W.2d 908, 911–12 (Tex. App.—Beaumont 1984, no pet.) (noting that the intent of this constitutional provision is "to prohibit the practice of amending a statute by referring to its title and then providing that it should be amended by striking out or deleting certain words and phrases and then inserting new words and phrases").

Appellant cites *Henderson v. City of Galveston* for the proposition that when House Bill 2228 only added a new subsection to the registration statute to include online solicitation of a minor as an offense requiring registration, without making any other changes, no reenactment of the registration statute was constitutionally required. 102 Tex. 163, 114 S.W. 108 (1908). However, *Henderson* supports the opposite conclusion.

In *Henderson*, the Texas Supreme Court considered whether the legislature's act allowing Galveston to regulate its businesses' sale of alcohol complied with article III, section 36 when it only contained the language amending Galveston's charter, rather than a full recitation of the charter

17

incorporating the amending language. *Id.* at 165, 169, 114 S.W. at 109, 111.

The supreme court held that the act violated the constitution because the

charter was "not reenacted in the amendatory act; the amendment being

accomplished by the addition of a distinct provision." *Id.* at 169, 114 S.W. at

111. The court explained,

> By its very terms [the act] undertakes to amend [the charter], and
> that section as amended is not re-enacted, and of course cannot be
> published at length in the new statute. Nor is there anything in the
> nature of the provision to take it out of the operation of the
> Constitution. It is not only named an amendment, but it is such in
> its character. *It adds a provision to the existing section, and this,*
> *according to all authority, judicial or parliamentary, of which we*
> *know anything, is an amendment*.

*Id.* at 169, 114 S.W. at 111 (emphasis added). The court then distinguished

the constitutional applicability of the act at issue in *Henderson* from one that

has

> declared fully its provisions without direct reference to any other
> act, although its effect should be to enlarge or restrict the operation
> of some other statutes . . . [,] an independent statute, complete
> within itself, not adopted as an amendment of, and adding nothing
> to, and taking nothing from, the language of any other. That form
> of legislation does not fall within the purview of the constitutional
> provision, as has been held by every court that has considered the
> question, because that provision applies only to attempts to amend
> or revive. *But when the Legislature in enacting new legislation*
> *adopts the mode of amending existing laws, the Constitution*
> *speaks and prescribes a rule that must be followed*. That was the
> mode expressly adopted here, and the amendment was attempted
> by 'adding to' the existing section. . . . [N]o authority cited, and
> none that we know of, has held that a section of a statute may be

18

amended by adding words to it, without re-enacting the entire section as amended, and such a holding would be condemned by the plain words of the Constitution.

*Id.* at 169–70, 114 S.W. at 111–12.

As set forth above, House Bill 2228 did not create an entirely new section in the code of criminal procedure; instead, it amended an existing section by adding a new subsection,[9] while reenacting that entire section. Based on the rationale expressed in *Henderson*, this reenactment was constitutionally required. *See id.* at 169–70, 114 S.W. at 111–12; *see also Rhoades*, 934 S.W.2d at 121 (expressing that the purpose of article III, section 36 is for "*amended statutes* to be re-enacted and published so that their meaning may be known without the necessity of examining the statute amended") (emphasis

---

[9] We note that the added subsection, "(N) a conviction for a violation of Section 33.021 (Online solicitation of a minor), Penal Code," cannot make sense as any independent pronouncement; instead, the subsection has logical meaning only when considered along with the remainder of the sex offender registration statute; it is dependent upon the remainder of that statute for its effect. We conclude that this distinguishes the addition in House Bill 2228 from those cases in which the added statutory language is complete within itself. *See State v. Sw. Gas & Elec. Co.*, 145 Tex. 24, 30, 193 S.W.2d 675, 679 (1946); *Johnson v. Martin*, 75 Tex. 33, 39, 12 S.W. 321, 323 (1889); *Ellison v. Tex. Liquor Control Bd.*, 154 S.W.2d 322, 326 (Tex. Civ. App.—Galveston 1941, writ ref'd) (holding that the enactment of subsections apart from the language of the entire section they were contained in was not constitutionally defective when the subsections were equivalent to articles within a chapter); *see also Henderson*, 102 Tex. at 169, 114 S.W. at 111 (indicating that an independent statute that declares its provisions fully is not subject to the constitutional reenactment requirement).

added). Therefore, we conclude that section 311.025(c), relating to text reenacted "because of the requirement of . . . the Texas Constitution," applies to House Bills 2228 and 867. *See* Tex. Gov't Code Ann. § 311.025(c).

**Because section 311.025(c) applies to House Bills 2228 and 867, the bills are not irreconcilable, and they are both therefore effective**

In applying the Code Construction Act, on the basis of the language contained in section 311.025(c), we conclude that the reenacted portions of House Bill 2228, subsections (5)(A)–(M) (as cited above), are not incompatible with the expressly different corresponding portions of subsequently-enacted House Bill 867. *See id*. And relying on that section as well as subsection (b) of the same statute, we further conclude that the addition made by House Bill 2228 to the registration statute (inserting online solicitation of a minor as an offense requiring registration) is not irreconcilable with the mere omission of that addition from the same text in House Bill 867. *See id.* § 311.025(b), (c). Effect may be given to each of the two bills relevant to this case, because although House Bill 867 did not include online solicitation of a minor as an offense requiring registration, nothing in the bill conflicted either expressly or impliedly with House Bill 2228's inclusion of that offense as being subject to the registration requirement. *See id.* § 311.025(b) (stating that "amendments shall be harmonized, if possible, so that effect may be given to each"); *cf.*

20

*Saunders v. State*, 49 S.W.3d 536, 539 (Tex. App.—Eastland 2001, pet. ref'd) (holding that two statutes expressly differing on whether a deaf juror could be accompanied by an interpreter during deliberations were irreconcilable).

Our conclusion is strengthened by our consideration of the legislature's intent. *See Preslar*, 751 S.W.2d at 481; *Price*, 35 S.W.3d at 142. Appellant's position, that the registration requirement for the online solicitation of a minor offense, as added by House Bill 2228, was totally negated by House Bill 867 (passed the next day), would render a portion of House Bill 2228 completely null, because adding online solicitation to the list of reportable offenses was the *only change* made by House Bill 2228 to the registration section. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 2, 2005 Tex. Gen. Laws 4049, 4050–51 (amended 2005). We cannot conclude that the legislature intended such a futile action. *See Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 551 (Tex. 1981) (citing the "rule of statutory construction that the legislature is never presumed to do a useless act"); *Ex parte Tucker*, 977 S.W.2d 713, 716–17 (Tex. App.—Fort Worth 1998) ("We will not presume that the Legislature did a useless or vain thing by enacting language that was mere surplusage or that was not intended to be effective."), *pet. dism'd*, 3 S.W.3d 576 (Tex. Crim. App. 1999).

For these reasons, we conclude that through House Bill 2228, the legislature validly amended the sex offender registration statute to apply to the

21

online solicitation of a minor offense. Because House Bill 2228 became effective in 2005, and because appellant committed his offenses in 2007, the trial court acted according to the statute when it included the registration requirement in its judgment. Thus, we overrule appellant's first point.

## Appellant's Constitutional Points

In his second and third points, appellant asserts violations of his federal and state constitutional rights. These alleged violations are dependent upon his argument that there was no statutory authority for the trial court's imposition of the registration requirement.[10] Because we hold that the trial court acted with statutory authority, we overrule appellant's second and third points.

## Conclusion

Having overruled all of appellant's points, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

PUBLISH

DELIVERED: March 19, 2009

---

[10] Specifically, appellant contends that without a valid statute expressly authorizing the trial court to impose a registration requirement, he was without notice of the potential for such a condition when he committed his offenses, which he claims violates due process and the due course of law. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 19.

22