

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-241-CR

ROBERT EBELING                                                    APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Pursuant to a plea bargain, Appellant Robert Ebeling pleaded guilty to two counts of online solicitation of a minor, and the trial court deferred adjudicating his guilt and placed him on five years' community supervision for the first count and ten years' community supervision for the second count. In a single point, Ebeling argues that the trial court erred by denying his motion to exempt him

---

[1] *See* Tex. R. App. P. 47.4.

from sex offender registration.[2] He contends that the version of code of criminal procedure article 62.001(5) in effect when he committed the offense of online solicitation of a minor on February 9, 2007, did not define a "reportable conviction or adjudication" to mean a violation of penal code section 33.021 (online solicitation of a minor). *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 2, 2005 Tex. Gen. Laws 4049, 4050–51, *amended by* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3386–87 (amended 2007) (current version at Tex. Code Crim. Proc. Ann. art. 62.001(5)(J) (Vernon Supp. 2008)). And, according to Ebeling, because the legislature's 2007 amendment defining "reportable conviction or adjudication" to include a violation of penal code section 33.021 did not become effective until September 1, 2007, after the date he committed the offense, no statutory authority existed for the trial court's imposition of the sex offender registration requirement.

This court recently addressed the same issue in *Hirsch v. State*, 282 S.W.3d 196, 201 (Tex. App.—Fort Worth 2009, no pet.) (reasoning that two bills passed in the same legislative session, each relating to sex offender registration requirements, are reconcilable and holding that the trial court did

---

[2] The trial court permitted Ebeling to appeal the denial of his motion to exempt him from sex offender registration.

not err by requiring appellant, who committed the offense of online solicitation of a minor on June 14 and 17, 2007, to register as a sex offender).  Having thoroughly reviewed all of the relevant authorities as they relate to this issue, including numerous legislative analyses, we are persuaded that the outcome of Ebeling's point is controlled by our holding in *Hirsch*.  *See id*. at 205–06; *see also R & R Contractors v. Torres*, 88 S.W.3d 685, 702–03 (Tex. App.—Corpus Christi 2002, no pet.) (considering the legislature's intent as to the application of a particular version of a statute's subsection in light of the passage of two different versions of the same subsection in the same legislative session). Accordingly, we hold that the trial court did not err by denying Ebeling's motion to exempt him from registering as a sex offender.  We overrule Ebeling's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL:  MEIER, J.; CAYCE, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 21, 2009