COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-241-CR

 

 

ROBERT EBELING                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 








Pursuant to a plea bargain, Appellant Robert
Ebeling pleaded guilty to two counts of online solicitation of a minor, and the
trial court deferred adjudicating his guilt and placed him on five years=
community supervision for the first count and ten years=
community supervision for the second count. 
In a single point, Ebeling argues that the trial court erred by denying
his motion to exempt him from sex offender registration.[2]  He contends that the version of code of
criminal procedure article 62.001(5) in effect when he committed the offense of
online solicitation of a minor on February 9, 2007, did not define a Areportable
conviction or adjudication@ to mean
a violation of penal code section 33.021 (online solicitation of a minor).  See Act of May 25, 2005, 79th Leg.,
R.S., ch. 1273, ' 2, 2005 Tex. Gen. Laws
4049, 4050B51, amended by Act of May
26, 2005, 79th Leg., R.S., ch. 1008, ' 1.01,
2005 Tex. Gen. Laws 3385, 3386B87
(amended 2007) (current version at Tex. Code Crim. Proc. Ann. art. 62.001(5)(J)
(Vernon Supp. 2008)).  And, according to
Ebeling, because the legislature=s 2007
amendment defining Areportable conviction or
adjudication@ to include a violation of penal
code section 33.021 did not become effective until September 1, 2007, after the
date he committed the offense, no statutory authority existed for the trial
court=s
imposition of the sex offender registration requirement.








This court recently addressed the same issue in Hirsch
v. State, 282 S.W.3d 196, 201 (Tex. App.CFort
Worth 2009, no pet.) (reasoning that two bills passed in the same legislative
session, each relating to sex offender registration requirements, are
reconcilable and holding that the trial court did not err by requiring
appellant, who committed the offense of online solicitation of a minor on June
14 and 17, 2007, to register as a sex offender).  Having thoroughly reviewed all of the
relevant authorities as they relate to this issue, including numerous
legislative analyses, we are persuaded that the outcome of Ebeling=s point
is controlled by our holding in Hirsch. 
See id. at 205B06; see
also R & R Contractors v. Torres, 88 S.W.3d 685, 702B03 (Tex.
App.CCorpus
Christi 2002, no pet.) (considering the legislature=s intent
as to the application of a particular version of a statute=s
subsection in light of the passage of two different versions of the same
subsection in the same legislative session). 
Accordingly, we hold that the trial court did not err by denying Ebeling=s motion
to exempt him from registering as a sex offender.  We overrule Ebeling=s sole
point and affirm the trial court=s
judgment.

 

PER
CURIAM

 

 

PANEL:  MEIER, J.; CAYCE, C.J.; and DAUPHINOT, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 21, 2009











[1]See Tex. R. App. P. 47.4.





[2]The trial court permitted
Ebeling to appeal the denial of his motion to exempt him from sex offender
registration.