

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 28, 2013

Mr. David Slayton                           Opinion No. GA-1006
Administrative Director
Office of Court Administration              Re: Transportation Code section 502.010 and the
Post Office Box 12066                       reconciliation of Senate Bill 1386 and House Bill
Austin, Texas 78711-2066                    2357 from the Eighty-second Legislature
                                            (RQ-1101-GA)

Dear Mr. Slayton:

You ask seven questions concerning Transportation Code section 502.010.[1] You explain that section 502.010 helps counties collect unpaid fines and court costs by authorizing counties to refuse to register the motor vehicle of a person with outstanding county fines or costs. Request Letter at 1. In addition to refusing to register the vehicle, the county may in some instances impose "an additional fee." TEX. TRANSP. CODE ANN. § 502.010(f) (West Supp. 2012). Your questions arise because the Eighty-second Legislature enacted two different bills amending what is now subsection 502.010, and you are unsure how to reconcile them. Request Letter at 2.

House Bill 2357 (the "House bill") amended the statute, in relevant part, by adding "the county" as an entity that can be reimbursed for its expenses with the additional fee authorized by subsection (f).[2] The House bill also reenacted the full statute pursuant to article III, section 36 of the Texas Constitution. See TEX. CONST. art. III, § 36; see also Hirsch v. State, 282 S.W.3d 196, 204 (Tex. App.—Fort Worth 2009, no pet.) (explaining that when the Legislature "recites a statute at full length while amending it, it 'reenacts' the statute"). Senate Bill 1386 (the "Senate bill") amended subsection (a) by authorizing the county to refuse to register a motor vehicle if the owner failed to appear for certain criminal proceedings.[3] The Senate bill also amended subsection (f) by specifying that the additional fee is twenty dollars and by authorizing the additional fee to be imposed if a person fails to pay money owed to the county by its due date or if a person fails to appear at certain criminal court proceedings. Senate bill, *supra* note 3.

---

[1]Letter from Mr. David Slayton, Admin. Dir., Office of Ct. Admin., to Honorable Greg Abbott, Tex. Att'y Gen. at 3 (Dec. 3, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]Act of May 29, 2011, 82d Leg., R.S., ch. 1296, § 76, 2011 Tex. Gen. Laws 3617, 3649–50 (codified at TEX. TRANSP. CODE ANN. § 502.010).

[3]Act of May 25, 2011, 82d Leg., R.S., ch. 1094, § 1, 2011 Tex. Gen. Laws 2834, 2834 (codified at TEX. TRANSP. CODE ANN. § 502.010).

Finally, the Senate bill placed the last sentence of subsection (f) into a separate subsection, (f-1), and added "the county assessor-collector" and "another county department" as entities that can be reimbursed for expenses with the additional fee. *Id.*

The Code Construction Act requires that when "amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each." TEX. GOV'T CODE ANN. § 311.025(b) (West 2013). The Code Construction Act further provides:

> [T]ext that is reenacted because of the requirement of Article III, Section 36, of the Texas Constitution is not considered to be irreconcilable with additions or omissions in the same text made by another amendment. Unless clearly indicated to the contrary, an amendment that reenacts text in compliance with that constitutional requirement does not indicate legislative intent that the reenacted text prevail over changes in the same text made by another amendment, regardless of the relative dates of enactment.

*Id.* § 311.025(c).

Applying these provisions of the Code Construction Act, the House bill's reenactment of subsection (a) is not irreconcilable with the addition made by the Senate bill to subsection (a). *See id.* § 311.025(b)–(c); *see Hirsch*, 282 S.W.3d at 204–06 (applying the same rule to two bills amending the same statute). Furthermore, the additions made to subsection (f) by the Senate bill—specifying the amount of the fee, authorizing its imposition in other circumstances, and allowing the county assessor-collector or another county department to be reimbursed with the additional fee—are not irreconcilable with the mere omission of those additions from the same text in the House bill's reenactment of the statute. The two bills can be harmonized, as required by the Code Construction Act, by giving effect to the Senate bill's additions and to the parts of the House bill that do not merely reenact the statute. TEX. GOV'T CODE ANN. § 311.025(b)–(c) (West 2013).

Because the House bill and Senate bill can be harmonized, the answers to your specific questions regarding the amended statute are readily apparent. You first ask whether the additional fee authorized by subsection 502.010(f) is twenty dollars or an unspecified amount. Request Letter at 3. Pursuant to the Senate bill, the Legislature authorized a county to "impose an additional fee *of $20*." TEX. TRANSP. CODE ANN. § 502.010(f) (West Supp. 2012) (emphasis added). Your fourth question asks, "Assuming that the amount of the fee is unspecified, who decides the amount of the additional fee?" Request Letter at 3. Because the Legislature has established the amount at twenty dollars, we need not answer your fourth question.

Your second question asks when the additional fee authorized by subsection 502.010(f) may be assessed. *Id.* at 3. The Senate bill amended subsection (f) to authorize the county to impose the fee on "a person who fails to pay a fine, fee, or tax to the county by the date on which the fine, fee, or tax *is due*." TEX. TRANSP. CODE ANN. § 502.010(f) (West Supp. 2012)

(emphasis added). Thus, the county may now assess the additional fee at any time after a fine, fee, or tax is due.

In your third question, you ask, "Who decides whether a county will impose an additional fee?" Request Letter at 3. Section 502.010 states that "[a] county . . . may impose an additional fee . . . ." TEX. TRANSP. CODE ANN. § 502.010(f) (West Supp. 2012). The Legislature's use of the word "'[m]ay' creates discretionary authority," but the statute does not specify who within the county decides to impose the additional fee. TEX. GOV'T CODE ANN. § 311.016(1) (West 2013). The Texas Constitution has established the commissioners court as the "county's principal governing body" and has given it "jurisdiction over all county business." *Comm'rs Ct. of Titus Cnty. v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997); TEX. CONST. art. V, § 18(b). In the course of exercising these duties, the commissioners court may decide whether the county will impose the additional fee authorized under section 502.010.

You next ask, "Who assesses and collects the additional fee?" Request Letter at 3. Section 502.010 is silent as to who, within the county, assesses and collects the additional fee. Subsection (f-1) provides that the additional fee could be used to reimburse "the county assessor-collector" or "another county department" for its services, suggesting that either the assessor-collector or some other department could perform those services. TEX. TRANSP. CODE ANN. § 502.010(f-1) (West Supp. 2012). As the principal governing body of the county, the commissioners court may decide who assesses and collects the additional fee.

In your sixth question, you ask whether the "officer charged with assessing and collecting the additional fee [has] any discretion to waive imposition of the additional fee." Request Letter at 3. The language of subsection 502.010(f) is permissive, allowing but not requiring a county to impose the additional fee. TEX. TRANSP. CODE ANN. § 502.010(f) (West Supp. 2012). The statute does not specifically empower the officer charged with assessing and collecting the additional fee to waive it. However, whether to impose the fee at all is committed to the commissioners court's discretion, and nothing in the statute prohibits the commissioners court from authorizing county officers to waive the fee in particular circumstances. Thus, the commissioners court may determine whether the officer charged with assessing and collecting the additional fee may waive it in particular circumstances.[4]

Finally, you ask whether an additional fee can "be assessed if a defendant fails to appear for a criminal proceeding but has not been convicted." Request Letter at 3. Prior to 2011, the statute authorized an additional fee only for past due fines. The Senate bill amended the statute to authorize a county to "impose an additional fee of $20 to . . . a person who fails to appear in connection with a complaint, citation, information, or indictment in a court in which a criminal

---

[4]Granting county officials the discretion to waive the additional fee could raise constitutional concerns, depending on the circumstances. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (explaining that the Equal Protection Clause requires "that all persons similarly situated should be treated alike"). Any policy allowing for selective waiver of the fee must comport with the equal protection requirements of the Texas and United States Constitutions.

proceeding is *pending* against the owner." TEX. TRANSP. CODE ANN. § 502.010(f)(2) (West Supp. 2012) (emphasis added). The plain language of subsection (f)(2) does not require a conviction. Therefore, the additional fee may be assessed when a defendant fails to appear for a criminal proceeding but has not been convicted.

## S U M M A R Y

Transportation Code section 502.010 authorizes certain counties to impose an additional fee of twenty dollars on a person who fails to pay a fine, fee or tax to the county or on a defendant who fails to appear in connection with a pending criminal proceeding. The commissioners court may determine whether a county imposes the additional fee and which county official or department assesses and collects that fee. If the commissioners court decides to impose the fee, the commissioners court may determine whether the officer charged with assessing and collecting the additional fee may waive it in particular circumstances. The additional fee may be imposed after the date on which the fine, fee or tax is due, and it may be assessed when a defendant fails to appear for a criminal proceeding but has not been convicted.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee