

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00192-CR

JASON WAYNE CROSSLAND, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2531076

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Jason Wayne Crossland was convicted by a Hopkins County jury for possession of a video recording depicting sexual assault of a child.[1]  *See* TEX. PENAL CODE ANN. § 43.26(d)(2)(B)(ii).[2]  Crossland appeals his conviction, arguing that the trial court erred in harmonizing two irreconcilable same-session amendments to Section 43.26(d) of the Texas Penal Code, causing him to be sentenced erroneously to life imprisonment.  Because we find that the trial court did not err in harmonizing the amendments, we affirm the trial court's judgment.

I.  **Standard of Review**

The court in *Adetomiwa* explained

When deciding issues related to statutory construction, we apply a de novo standard of review, "ascertaining and giving effect to the legislature's intent as expressed by the plain and common meaning of the statute's words." *Hirsch v. State*, 282 S.W.3d 196, 201 (Tex. App.—Fort Worth 2009, no pet.).  The Code Construction Act applies to the legislative amendments detailed above.  *See* Tex. Gov't Code Ann. §§ 311.001, .002(2) (West 2013).  The Act provides, with an exception inapplicable here, that if amendments to the same statute are enacted at the same session, one making no reference to the other, they shall be harmonized if possible to give effect to each.  *Id.* § 311.025(b) (West 2013).  Section 311.025(c) provides,

> In determining whether amendments are irreconcilable, text that is reenacted because of the requirement of Article III, Section 36, of the Texas Constitution is not considered to be irreconcilable with additions or omissions in the same text made by another amendment.  Unless clearly indicated to the contrary, an amendment that reenacts text in compliance with that constitutional requirement does not indicate legislative intent that

---

[1]In his companion appellate cause number 06-25-00193-CR, Crossland appeals his conviction for possession of fewer than 100 visual depictions of child pornography.  *See* TEX. PENAL CODE ANN. § 43.26 (Supp.).

[2]*See* Act of May 6, 2023, 88th Leg., R.S., ch. 93, § 6.02, 2023 Tex. Gen. Laws 180, 194–95 (amended 2023, 2025) (current version at TEX. PENAL CODE § 42.36(d)(3)(B)).

2

> the reenacted text prevail over changes in the same text made by another amendment, regardless of the relative dates of enactment.
>
> *Id.* § 311.025(c); *see also* Tex. Const. art. III., § 36 ("No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length."); *Rhoades v. State*, 934 S.W.2d 113, 121 (Tex. Crim. App. 1996) (explaining that the purpose of article III, section 36 is for "amended statutes to be re-enacted and published so that their meaning may be known without the necessity of examining the statute amended").

*Adetomiwa v. State*, 421 S.W.3d 922, 926 (Tex. App.—Fort Worth 2014, no pet.).

## II.    Legislative Amendments

Crossland argues that his conviction and sentence for a first-degree felony are void because the trial court incorrectly created a "hybrid" statute by attempting to harmonize irreconcilable amendments to Section 43.26(d).  The resolution of these issues depends on whether two bills passed in the same legislative session, both amending the possession of child pornography statute, are reconcilable.  Accordingly, we turn to the history of each of these bills. *See Adetomiwa*, 421 S.W.3d at 924–25.

During the 88th Legislative Session, two amendments to Section 43.26 were passed containing rewrites of subsection (d) of Section 43.26, with each going into effect on September 1, 2023.  *See* Act May 6, 2023, 88th Leg., R.S., ch. 93, § 6.02, 2023 Tex. Gen. Laws 180, 194–95 (amended 2023) (SB 1527); Act of May 22, 2023, 88th Leg., R.S., ch. 1041, § 2, 2023 Tex. Gen. Laws 3349, 3340–41 (amended 2025) (current version at Tex. Penal Code § 43.26(d) (Supp.)) (SB 129).  SB 1527 classified the offense of possession or promotion of child pornography as a first-degree felony if "the person possesses visual material that contains . . . a videotape or film that visually depicts conduct constituting an offense under Section

3

22.011(a)(2)." Act May 6, 2023, 88th Leg., R.S., ch. 93, § 6.02, 2023 Tex. Gen. Laws 180, 195; *see* TEX. PENAL CODE ANN. § 22.011. SB 129 determined the degree of offense based upon the number of depictions of prohibited conduct, making the offense a third-degree felony if the person possessed "visual material that contains fewer than 100 visual depictions." Act of May 22, 2023, 88th Leg., R.S., ch. 1041, § 2, 2023 Tex. Gen. Laws 3349, 3341. SB 129 classified the offense as a first-degree felony if the person possessed "500 or more visual depictions of a child as described by Subsection (a)(1)." *Id.*

## III.    Analysis

At first glance, the amendments in SB 1527 and SB 129 may seem irreconcilable. However, while each amendment sets forth different amounts of visual depictions that the other does not, only SB 1527 created an exception related to possession of a video recording depicting the sexual assault of a child. SB 129 contains no such language; however, it is important to note that in drafting SB 129, the amendment also did not *remove* any such language. We also take note that the *current* version of Section 43.26(c-1) states that it is a first-degree felony if it is shown that the actor:

> (B)    possesses visual material that:
>
> (i)    contains 50 or more visual depictions of a child engaging in sexual conduct as described by Subsection (a-1)(1); or
>
> (ii)    visually depicts conduct constituting an offense under Section 22.011(a)(2)[.]

TEX. PENAL CODE ANN. § 43.26(c-1)(2)(B).

4

As has been done with the current statute, we hold that SB 1527 and SB 129 can be harmonized by utilizing an "or." That is, to harmonize both amendments to give effect to the parts that do not contradict one another, SB 1527 amended the punishment scheme of Section 43.26 to provide that possession of a video recording depicting the sexual assault of a child is a first-degree felony. Giving effect to SB 1527's amendment as it relates to the video-recording punishment scheme does not conflict with SB 129. SB 129 did not seek to alter or remove that language, nor did it address the issue.

Crossland argues that the trial court erred in "splicing together" the two amendments to create a "hybrid" statute; however, in order to harmonize those amendments, that is, to give effect to each, a combination of the amendments is necessary. Because the SB 129 amendment makes substantive changes that the SB 1527 amendment does not, the amendments are reconcilable. *See Rhoades*, 934 S.W.2d at 122 (holding that because each amendment made substantive changes that the other did not, there was "no conflict when one comprehends how statutory amendments are achieved"). Because we are able to harmonize the amendments to give effect to both without conflict, we do so. *See* TEX. GOV'T CODE ANN. § 311.025(b).

We overrule Crossland's sole issue.

## IV.    Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:    April 21, 2026
Date Decided:      May 7, 2026

Do Not Publish